Michael S. Kun   (SBN 208684)
Kevin D. Sullivan  (SBN 270343)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone:  310.556.8861
Facsimile:  310.553.2165
mkun@ebglaw.com
ksullivan@ebglaw.com

Attorneys for Defendants
MARKETSOURCE, INC. and
ALLEGIS GROUP, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM and MICHAEL CAMERO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC., a , Maryland corporation; ALLEGIS GROUP; INC., a Maryland corporation; and DOES,1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>[CLASS ACTION]<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS MARKETSOURCE, INC. AND ALLEGIS GROUP, INC. UNDER 28 U.S.C. §§ 1332(d)**<br>**[CLASS ACTION FAIRNESS ACT OF 2005]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants MarketSource, Inc. and Allegis Group, Inc. (collectively, "Defendants"), contemporaneously with the filing of this notice, are effecting the removal of the above-captioned action, *Jennifer Brum and Michael Camero, individually, and as and on behalf of other members of the general public similarly situated v. MarketSource, Inc., et al.*, Case No. STK-EV-UOE-2017-18, from the Superior Court of the State of California for the County of San Joaquin ("State Court Action") to the United States District Court for the Eastern District of California. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332(d) and 1453, the Class Action Fairness Act of 2005 ("CAFA"), in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiffs are citizens of a state different than Defendants, and the amount in controversy exceeds $5,000,000.00 exclusive of costs and interest.

### I. PLEADINGS, PROCESS AND ORDERS

1. On or about January 3, 2017, Plaintiffs commenced the above-captioned action in the Superior Court of the State of California, County of San Joaquin, against Defendants. The action is entitled *Jennifer Brum and Michael Camero, et al. v. MarketSource, Inc., et al.*, Case No. STK-EV-UOE-2017-18. True and correct copies of the original Summons, Complaint and related papers served upon Defendants on January 6, 2017 are attached hereto as Exhibit A.

2. Exhibit A constitutes all of the process, pleadings and orders served on or by Defendants in the State Court Action.

### II. BASIS FOR REMOVAL

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the United States District Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that it is a purported class action in which there are

1 more than 100 putative class members, it is between citizens of different states,
2 and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of
3 interest and costs.

4  4. CAFA was enacted to expand federal jurisdiction over purported
5 class actions. It provides that a purported class action may be removed in
6 accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not
7 less than 100; (b) any member of the plaintiff class is a citizen of a foreign country
8 or a state different from any defendant; and (c) the aggregate amount in
9 controversy exceeds $5,000,000.00. 28 U.S.C. §§ 1332(d), 1453(b).

10  5. As explained more fully below, this Court has original jurisdiction
11 under CAFA over all claims brought by Plaintiffs, on behalf of himself and all
12 members of the putative class. Because Plaintiffs' action could have been filed in
13 this Court, Defendants may remove it pursuant to 28 U.S.C. § 1441.

14  **A.   Class Size**

15  6. CAFA's requirement that proposed class membership be no less than
16 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more
17 than 100 members.

18  7. Plaintiffs seek to represent all of Defendant's Account Sales
19 Representatives in California in the four years prior to filing suit, including all
20 Mobile Managers, Wireless Team Leads and Wireless Team Leaders, as well as
21 persons in similar positions. (Complaint, ¶ 21.)

22  8. Since January 3, 2013 (four years prior to the filing of the
23 Complaint), Defendants have employed approximately 7,409 persons in such
24 positions in California. (Davis decl., ¶ 6.) Accordingly, the putative class has more
25 than 100 members.

### B. Citizenship

9. CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)) is also satisfied here.

10. Plaintiffs are residents of California. (Complaint, ¶¶ 4, 5.) Information supplied to Defendants by Plaintiffs and maintained in Defendants' files reflects that Plaintiff Jennifer Brum has lived in California since at least 2006, and that Plaintiff Michael Camero has done so since 2003. (Davis decl., ¶ 5.) These facts demonstrate Plaintiffs' California citizenship.

11. "In determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (internal citations omitted).

12. Defendant MarketSource, Inc. is a corporation formed under the laws of Maryland and headquartered in Maryland. (Drummond decl., ¶¶ 2–4.)

13. Defendant Allegis Group, Inc. is a corporation formed under the laws of Maryland and headquartered in Maryland. (Drummond decl., ¶ 5–7.)

14. For these reasons, the requirements for diversity jurisdiction are met because Plaintiff and Defendants are citizens of different states.

### C. Amount In Controversy

15. CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, is satisfied here as well. Although Defendants dispute liability and damages, Plaintiffs have brought claims seeking to represent themselves and a putative class with more than 7,400 members, who have worked more than 424,000 workweeks. (Davis decl., ¶ 6.) Based on these facts and allegations, the amount in controversy for all such persons exceeds $5,000,000.00.

16. The Complaint seeks damages and penalties for a variety of alleged wage-hour violations since January 3, 2013, including allegations of failure to pay overtime compensation, failure to pay minimum wages, failure to provide meal periods, failure to provide rest periods, failure to provide accurate wage statements, and unfair competition. The Complaint does not identify the total amount of damages or penalties claimed by the putative class. Plaintiffs allege that they and the putative class are entitled to recover unpaid wages, penalties, and restitution in unspecified amounts.

17. The failure of a complaint to specify the total amount of damages sought does not deprive this Court of jurisdiction. *See, e.g.*, *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy).

18. If challenged to do so by Plaintiffs or this Court, Defendants can and will present evidence to establish that Plaintiffs' claims exceed the jurisdictional minimum of $5,000,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 134 S. Ct. 1788 (2014) (explaining that a removing defendant need only present a short and plain statement of the grounds for federal jurisdiction in its removal papers and need not present evidence to establish the amount in controversy until challenged to do so); *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 700-01 (9th Cir. 2007) (holding that preponderance of the evidence burden of proof applies to the removing defendant in a putative wage and hour class action complaint).

///

## III. TIMELINESS OF REMOVAL

This Notice of Removal is being timely filed within thirty (30) days of January 6, 2017, the date on which service of the Summons and Complaint was made upon Defendants.

DATED: February 3, 2017                     EPSTEIN BECKER & GREEN, P.C.

                                By:  /s/ Michael S. Kun
                                     Michael S. Kun
                                     Kevin D. Sullivan
                                     Attorneys for Defendants
                                     MARKETSOURCE, INC. and
                                     ALLEGIS GROUP. INC.