# EXHIBIT A

**Santangelo, Karen L.**

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Monday, January 09, 2017 10:40 AM |
| **To:** | Santangelo, Karen L. |
| **Subject:** | Notice of Service of Process - Transmittal Number: 16079864 |

## Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: <u>16079864</u>
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Allegis Group, Inc. |
| **Entity I.D. Number:** | 1561735 |
| **Entity Served:** | Allegis Group, Inc. |
| **Title of Action:** | Jennifer Brum vs. Marketsource, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Joaquin County Superior Court, California |
| **Case/Reference No:** | STK-CV-UOE-2017-18 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/06/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Arnab Banerjee
310-556-4811

**Primary Contact:**
Rich  Moore
Allegis Group, Inc.

**Electronic copy provided to:**
Karen Santangelo

1

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882  |  sop@cscglobal.com

2

01/03/2017  15:06    12099481150    LEGAL COPY & PROCESS    PAGE  07/08

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED
SUPERIOR COURT - STOCKTON

2016 JAN -3 PH 2: 33

ROSA JUNQUEIRO, CLERK

BY _____ Donna Edwards

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS
MARYLAND MARKETSOURCE, INC., a Maryland corporation; ALLEGIS GROUP,
INC., a Maryland corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER BRUM and MICHAEL CAMERO, individually, and on behalf
of other members of the general public similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* STK-CV-UOE-2017-18 |
|---|---|

San Joaquin County Superior Court, Stockton Courthouse
222 E. Weber Ave., #303 Stockton, CA 95202-2777

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arnab Banerjee (252618), Capstone Law APC, 1875 Century Park East, 1000, LA, CA 90067 (310) 556-4811

| DATE: *(Fecha)* JAN 0 3 2017 | ROSA JUNQUEIRO Clerk, by *(Secretario)* _____ Donna Edwards, Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* ALLEGIS GROUP, INC., a Maryland corporation

under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

01/03/2017  15:06    12099481158          LEGAL COPY & PROCESS                    PAGE  06/08



1  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
2  Brandon Brouillette (SBN 273156)
   Brandon.Brouillette@capstonelawyers.com
3  Ruhandy Glezakos (SBN 307473)
   Ruhandy.Glezakos@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Jonathan M. Lebe (SBN 284605)
   Jon@lebelaw.com
8  Lebe Law
   A Professional Law Corporation
9  5723 Melrose Avenue
   Los Angeles, CA 90038
10 Tel:    (310) 921-7056
   Fax:    (310) 820-1258
11
   Attorneys for Plaintiffs Jennifer Brum
12 and Michael Camero

13 [Additional Attorneys listed on following page]

14             SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF SAN JOAQUIN

16
   JENNIFER BRUM and MICHAEL              Case No.   STK-CV-UOE-2017-18
17 CAMERO, individually, and on behalf of
   other members of the general public       CLASS ACTION COMPLAINT
18 similarly situated,
                                             (1) Violation of California Labor Code §§ 510
19             Plaintiffs,                        and 1198 (Unpaid Overtime);
                                             (2) Violation of California Labor Code
20        vs.                                    §§ 1182.12, 1194, 1197, 1197.1, and 1198
                                                 (Unpaid Minimum Wages);
21 MARKETSOURCE, INC. WHICH WILL            (3) Violation of California Labor Code
   DO BUSINESS IN CALIFORNIA AS                 §§ 226.7, 512(a), and 1198 (Failure to
22 MARYLAND MARKETSOURCE, INC., a               Provide Meal Periods);
   Maryland corporation; ALLEGIS GROUP,     (4) Violation of California Labor Code
23 INC., a Maryland corporation; and DOES 1     §§ 226.7 and 1198 (Failure to Provide Rest
   through 10, inclusive,                        Periods);
24                                           (5) Violation of California Labor Code §§
             Defendants.                         226(a), 1174(d), and 1198 (Non-Compliant
25                                               Wage Statements and Failure to Maintain
                                                 Payroll Records);
26                                           (6) Violation of California Labor Code §§ 201,
                                                 202, and 203 (Wages Not Timely Paid
27                                               Upon Termination);
                                             (7) Violation of California Labor Code § 1198
28                                               and California Code of Regulations Title 8.

                            CLASS ACTION COMPLAINT



Section 11070 Subdivision 4(C) (Failure to
Compensate for Split-Shifts);

(8) Violation of California Labor Code § 2802
(Unreimbursed Business Expenses);

(9) Violation of California Business &
Professions Code §§ 17200, *et seq.*
(Unlawful Business Practices); and

(10)    Violation of California Business &
Professions Code §§ 17200, *et seq.* (Unfair
Business Practices).

**Jury Trial Demanded**

CLASS ACTION COMPLAINT

1  Rodney Mesriani (SBN 184875)
   Rodney@mesriani.com
2  Mesriani Law Group,
   A Professional Law Corporation
3  5723 Melrose Avenue
   Los Angeles, CA 90038
4  Tel:    (310) 826-6300
   Fax:    (310) 820-1258
5
   Attorneys for Plaintiffs Jennifer Brum
6  and Michael Camero

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1       Plaintiffs Jennifer Brum and Michael Camero ("Plaintiffs"), as individuals, and on

2 behalf of all other members of the public similarly situated, allege as follows against

3 MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS

4 MARYLAND MARKETSOURCE, INC. and ALLEGIS GROUP, INC.:

5 <center>**JURISDICTION AND VENUE**</center>

6     1.     This class action is brought pursuant to California Code of Civil Procedure

7 section 382. The monetary damages, penalties, and restitution sought by Plaintiffs exceed the

8 minimal jurisdiction limits of the Superior Court and will be established according to proof at

9 trial. This Court has jurisdiction over this action pursuant to the California Constitution,

10 Article VI, section 10. The statutes under which this action is brought do not specify any

11 other basis for jurisdiction. Plaintiffs' share of damages, penalties and other relief sought in

12 this action does not exceed $75,000.

13     2.     This Court has jurisdiction over all Defendants because Defendants are either

14 citizens of California, have sufficient minimum contacts in California, or otherwise

15 intentionally avail themselves of the California market so as to render the exercise of

16 jurisdiction over them by the California courts consistent with traditional notions of fair play

17 and substantial justice.

18     3.     Venue is proper in this Court, because Defendants employ persons in this

19 county, and employed one of the Plaintiffs in this county, and thus a substantial portion of the

20 transactions and occurrences related to this action occurred in this county. Cal. Civ. Proc.

21 Code § 395.

22 <center>**THE PARTIES**</center>

23     4.     Plaintiff Jennifer Brum is a resident of Valley Springs, California. Defendants

24 jointly employed Plaintiff Brum as an hourly, non-exempt Wireless Team Lead from

25 approximately September 2013 to June 2015. During her employment, Plaintiff Brum worked

26 for Defendants out of several Target store locations in and around Stockton, California. As a

27 Wireless Team Lead, Plaintiff Brum typically worked eight (8) hours per day, five (5) days

28 per week, and 35-40 hours per week. At the time Plaintiff Brum's employment with

<center>CLASS ACTION COMPLAINT</center>

1  Defendants ended, she earned an hourly rate of approximately $12.50, plus commissions

2  and/or bonuses.  Plaintiff Brum's job duties included, without limitation, opening and closing

3  Target Mobile kiosks, shipping merchandise, handling returns and exchanges, managing sales,

4  and training associates.

5       5.    Plaintiff Michael Camero is a resident of San Diego, California.  Defendants

6  jointly employed Plaintiff Camero as an hourly, non-exempt Target Mobile Manager from

7  approximately January 2015 to July 2016.  During his employment, Plaintiff Camero worked

8  for Defendants out of two Target store locations in and around San Diego, California.  As a

9  Target Mobile Manager, Plaintiff Camero typically worked nine (9) hours per day, five (5)

10  days per week, and 46-56 hours per week.  At the time Plaintiff Camero's employment with

11  Defendants ended, he earned an hourly rate of approximately $16.38, plus commissions and/or

12  bonuses.  Plaintiff Camero's job duties included, without limitation, opening and closing

13  Target Mobile kiosks, attending to customers, making sales, filling out administrative

14  paperwork, and training associates.

15       6.    Defendant MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN

16  CALIFORNIA AS MARYLAND MARKETSOURCE, INC. is, on information and belief, a

17  Maryland corporation doing business in California, with its principal place of business in

18  Alpharetta, Georgia, and at all times hereinafter mentioned, an employer whose employees are

19  engaged throughout this county, the State of California, and/or the various states of the United

20  States of America.

21       7.    Defendant ALLEGIS GROUP, INC. is, on information and belief, a Maryland

22  corporation doing business in California, with its principal place of business in Hanover,

23  Maryland, and at all times hereinafter mentioned, an employer whose employees are engaged

24  throughout this county, the State of California, and/or the various states of the United States of

25  America.

26       8.    Plaintiffs are unaware of the true names or capacities of the Defendants sued

27  herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to

28  amend the Complaint and serve such fictitiously named Defendants once their names and

CLASS ACTION COMPLAINT

1    capacities become known.

2        9.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

3    are the partners, agents, owners, shareholders, managers, or employees of

4    MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS

5    MARYLAND MARKETSOURCE, INC. and ALLEGIS GROUP, INC. at all relevant times.

6        10.    Plaintiffs are informed and believe, and thereon allege, that each and all of the

7    acts and omissions alleged herein was performed by, or is attributable to, MARKETSOURCE,

8    INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND

9    MARKETSOURCE, INC., ALLEGIS GROUP, INC., and/or DOES 1 through 10 (collectively

10    "Defendants" or "MARKETSOURCE"), each acting as the agent for the other, with legal

11    authority to act on the other's behalf.  The acts of any and all Defendants represent and were

12    in accordance with Defendants' official policy.

13        11.    At all relevant times, Defendants, and each of them, ratified each and every act

14    or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

15    and abetted the acts and omissions of each and all the other Defendants in proximately causing

16    the damages herein alleged.

17        12.    Plaintiffs are informed and believe, and thereon allege, that each of said

18    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

19    omissions, occurrences, and transactions alleged herein.

20        13.    Under California law, Defendants are jointly and severally liable as employers

21    for the violations alleged herein because they have each exercised sufficient control over the

22    wages, hours, working conditions, and employment status of Plaintiffs and class members.

23    Each Defendant had the power to hire and fire Plaintiffs and class members, supervised and

24    controlled their work schedule and/or conditions of employment, determined their rate of pay,

25    and maintained their employment records.  Defendants suffered or permitted Plaintiffs and

26    class members to work and/or "engaged" Plaintiffs and class members so as to create a

27    common law employment relationship.  As joint employers of Plaintiffs and class members,

28    Defendants are jointly and severally liable for the civil penalties and all other relief available

Page 3
CLASS ACTION COMPLAINT

1    to Plaintiffs and class members under the law.

2        14.    Plaintiffs are informed and believes, and thereon allege, that at all relevant

3    times, Defendants, and each of them, have acted as joint employers with respect to Plaintiffs

4    and class members because Defendants have:

5            (a)    jointly exercised meaningful control over the work performed by

6                   Plaintiffs and class members;

7            (b)    jointly exercised meaningful control over Plaintiffs and class members'

8                   wages, hours, and working conditions, including the quantity, quality

9                   standards, speed, scheduling, and operative details of the tasks

10                  performed by Plaintiffs and class members;

11           (c)    jointly required that Plaintiffs and class members perform work which is

12                  an integral part of Defendants' businesses; and

13           (d)    jointly exercised control over Plaintiffs and class members as a matter

14                  of economic reality in that Plaintiffs and class members were dependent

15                  on Defendants, who shared the power to set the wages of Plaintiffs and

16                  class members and determine their working conditions, and who jointly

17                  reaped the benefits from the underpayment of their wages and

18                  noncompliance with other statutory provisions governing their

19                  employment.

20       15.    Plaintiffs are informed and believe, and further allege, that at all relevant times

21   there has existed a unity of interest and ownership between Defendants such that any

22   individuality and separateness between the entities has ceased.

23       16.    MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA

24   AS MARYLAND MARKETSOURCE, INC., ALLEGIS GROUP, INC., and DOES 1-10 are

25   therefore alter egos of each other.

26       17.    Adherence to the fiction of the separate existence of Defendants would permit

27   an abuse of the corporate privilege, and would promote injustice by protecting Defendants

28   from liability for the wrongful acts committed by it under the name MARKETSOURCE.

CLASS ACTION COMPLAINT

18.    Plaintiffs further allege, upon information and belief, that Defendants are alter egos of each other for the additional following reasons:

(a)    MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC. and ALLEGIS GROUP, INC. share the same agent for service of process, "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE" located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833;

(b)    MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC. and ALLEGIS GROUP, INC. share the same corporate and entity address of 7301 Parkway Drive, Hanover, MD 21076;

(c)    MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC. is a wholly-owned subsidiary of ALLEGIS GROUP, INC.; and

(d)    ALLEGIS GROUP, INC. requires that all of its subsidiary brand employees, including MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC. employees, enroll for employment benefits through the same website portal found at www.allegisbenefits.com, which redirects to https://www.ktbsonline.com/hub/YWxsZWdpc2JlbmVmaXRzLmNvb Q%3d%3d.[1] *Screenshot of Allegis Group benefits portal below.*

_____
[1] *See* Kelly & Associates Insurance Group Inc.: Allegis Benefits, "Welcome," http://www.allegisbenefits.com (last visited Dec. 21, 2016).

CLASS ACTION COMPLAINT



**ALLEGIS**
GROUP
People. Service. Performance.

Welcome to
AllegisBenefits.com

One way Allegis Group recognizes our employee's contributions is by offering a comprehensive benefits program. The Allegis Group Benefits Program provides access to plans that help you protect the health and security of you and your family. We realize benefit needs vary from person to person, so we provide a range of plans that let you choose the level of coverage and the combination of benefits you want and need. If you are ready to get started, log in now!

## CLASS ACTION ALLEGATIONS

19.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seek class certification under California Code of Civil Procedure section 382.

20.    All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

21.    Plaintiffs' proposed class consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt, hourly-paid Account Sales Representatives, including, but not limited to Mobile Managers, Wireless Team Leads, Wireless Team Members, or similar positions, at retail stores in California, within four years prior to the filing of this complaint until the date of trial ("Class").

22.    Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as nonexempt, hourly-paid Account Sales Representatives, including, but not limited to Mobile Managers, Wireless Team Leads, Wireless Team Members, or similar positions, at retail stores in California, within one year prior to the filing of this complaint until the date of trial ("Subclass").

CLASS ACTION COMPLAINT

23.    Members of the Class and Subclass are referred to herein as "class members."

24.    Plaintiffs reserve the right to redefine the Class and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

25.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiffs and class members;

(b)    Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiffs and class members' overtime rate of pay was based;

(c)    Whether Defendants failed to pay Plaintiffs and class members at least minimum wages for all hours worked;

(d)    Whether Defendants failed to provide Plaintiffs and class members with meal periods;

(e)    Whether Defendants failed to provide Plaintiffs and class members with rest periods;

(f)    Whether Defendants provided Plaintiffs and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g)    Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiffs and class members upon their discharge;

(h)    Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiffs and class members during their employment;

(i)    Whether Defendants failed to compensate Plaintiffs and class members

CLASS ACTION COMPLAINT

for split shifts when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour;

(j)  Whether Defendants failed to pay Plaintiffs and class members for the costs of mandatory pre-employment physical examinations and drug testing;

(k)  Whether Defendants reimbursed Plaintiffs and class members for business-related expenses they incurred as a result of their employment;

(l)  Whether Defendants failed to provide Plaintiff and class members with written notice of information material to their employment in violation of Labor Code section 2810.5(a)(1)(A)-(C);

(m)  Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(n)  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

26.  There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)  Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)  Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)  Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately

protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

27.    Defendants are a nationwide B2B sales and marketing company, providing personnel and services to companies throughout the United States.  Defendants employ

CLASS ACTION COMPLAINT

approximately 9,000 people nationwide and hundreds in California. Among other things, Defendants provide retail sales personnel to dozens of Target Mobile kiosks throughout California.

28. According to Defendants' listings on the California Secretary of State's website, Defendants maintain their company headquarters in Hanover, Maryland. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters, which is responsible for conducting Defendants' recruiting and hiring of new employees, collecting and processing all new hire paperwork, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest break policies, to employees throughout California.

29. In particular, Plaintiffs and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire. At the time Plaintiffs were hired, they each received documents including, but not limited to, an Employee Acknowledgement Form, and Employment Agreement, informing them that they would be subject to the policies and rules listed in the Employee Handbook and other documents.

30. Upon information and belief, Defendants require that all new hires undergo mandatory drug testing as a condition of employment. Defendants provide their newly-hired employees and/or prospective employees with the location of the testing facility, select the time and date of the drug test, and determine the scope of the testing. Defendants require that these newly-hired employees and/or prospective employees travel using their own vehicles to the site to undergo the drug test. Upon information and belief, Defendants do not compensate newly-hired employees and/or prospective employees for the time it takes to travel to and from the testing facility or for the time it takes to undergo the drug testing. Upon information

CLASS ACTION COMPLAINT

and belief, Defendants do not reimburse employees for the travel expenses they incur getting to and from the testing facility.

31.    Upon information and belief, Plaintiffs and class members suffered the same meal break violations arising out of Defendants' maintenance and implementation of facially non-compliant meal and rest break policies.

32.    Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Hanover, Maryland, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiffs and class members. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work location. Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

33.    Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly-paid employees in California, irrespective of their location, job category, or specific position. Accordingly, Plaintiffs believe that all class members throughout California were affected by Defendants' noncompliance with wage statement reporting requirements.

34.    Defendants continue to employ non-exempt, hourly-paid Account Sales Representatives throughout California.

35.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

36.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

CLASS ACTION COMPLAINT

37.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay, including as eligible income all income derived from bonus pay, commissions, and/or incentive pay.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work that Defendants knew or should have known was performed.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rate when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiffs and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

40.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates when they were not provided with a compliant rest period and that Plaintiffs and class members were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates when they were not provided a compliant rest period.

41.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Defendants did not provide Plaintiffs and class members with complete and accurate wage statements.

CLASS ACTION COMPLAINT

42.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

43.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages upon termination of employment. In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all wages due, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

44.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

45.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to be paid split shift premiums when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour. In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all split shift premiums due.

46.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, that Defendants knew or should have known that they had a duty to cover the costs and expenses Plaintiffs and class members incurred obtaining mandatory pre-employment physical examinations and drug tests, but willfully, knowingly, and intentionally failed to do so.

47.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and

CLASS ACTION COMPLAINT



1    scope of their employment, and that they did not receive full reimbursement of applicable
2    business-related expenses and costs they incurred.

3        48.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
4    mentioned, Defendants knew or should have known that they had a duty to provide Plaintiffs
5    and class members with written notice of the material terms of their employment with
6    Defendants as required by the California Wage Theft Prevention Act, but willfully,
7    knowingly, and intentionally failed to do so.

8        49.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
9    mentioned, Defendants knew or should have known that they had a duty to compensate
10   Plaintiffs and class members for all hours worked, and that Defendants had the financial
11   ability to pay such compensation but willfully, knowingly, and intentionally failed to do so,
12   and falsely represented to Plaintiffs and class members that they were properly denied wages,
13   all in order to increase Defendants' profits.

14                       **FIRST CAUSE OF ACTION**

15   **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

16                       **(Against all Defendants)**

17       50.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each
18   allegation set forth above.

19       51.    Labor Code section 1198 makes it illegal to employ an employee under
20   conditions of labor that are prohibited by the applicable wage order.  California Labor Code
21   section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall
22   be the . . . standard conditions of labor for employees.  The employment of any employee . . .
23   under conditions of labor prohibited by the order is unlawful."

24       52.    California Labor Code section 1198 and the applicable IWC Wage Order
25   provide that it is unlawful to employ persons without compensating them at a rate of pay
26   either time-and-one-half or two-times that person's regular rate of pay, depending on the
27   number of hours worked by the person on a daily or weekly basis.

28       53.    Specifically, the applicable IWC Wage Order provides that Defendants are and

were required to pay Plaintiffs and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and other class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay, and required to pay Plaintiffs and other class members at a rate of two (2) times their regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a workweek. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including commissions, non-discretionary bonuses and incentive pay.

55.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and other class members. During the relevant time period, Plaintiffs and other class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

57.    Defendants have a company-wide policy and/or practice of staffing client retail store locations strictly based on labor hours set by corporate and allotted for each of their client's store's payroll budget. Defendants' use of limited payroll budgets has resulted in and continues to result in chronic understaffing and a lack of break and shift coverage because

1  there are too few employees on duty to handle the workload and attend to customers promptly.

2  Upon information and belief, Defendants' payroll budgets do not take into account the

3  provision of adequate meal period coverage for employees and instead result in chronic

4  understaffing of stores and non-compliant meal periods.  Defendants' payroll budgets

5  prevented an adequate number of employees being scheduled to provide meal break coverage

6  to Plaintiffs and class members.  For example, Plaintiff Camero worked at Target locations

7  where Defendants prohibited more than 100 labor hours being scheduled per week.  As a

8  result, oftentimes Plaintiff Camero worked with just one other employee or was left working

9  alone without break coverage.

10       58.       Defendants' failure to provide adequate meal break coverage for Plaintiffs and

11 class members such that they could be relieved of their duties to take all timely, uninterrupted

12 thirty (30) minute meal periods, led to them working off-the-clock during meal periods to

13 complete their assigned tasks.  Thus, Plaintiffs and class members were not able to take

14 compliant meal period(s).

15       59.       Each Plaintiff was sometimes the sole employee scheduled during part or all of

16 a shift.  Because Defendants failed to schedule enough employees to relieve Plaintiffs, they

17 had to remain on-duty at all times to monitor the kiosk and address any issues that arose,

18 thereby preventing Plaintiffs from taking uninterrupted 30-minute meal periods.  These

19 scheduling policies and resultant understaffing forced Plaintiffs and class members to take late

20 or interrupted meal breaks, or to miss meal breaks altogether, in order to complete their job

21 duties.

22       60.       Defendants further, on a company-wide basis, failed to properly schedule

23 Plaintiffs and class members for meal periods even though it is aware and knows that

24 employees are entitled to such meal periods.  As a result of Defendants' policies, Plaintiffs

25 and class members were not permitted and authorized to take all uninterrupted 30-minute meal

26 periods during shifts to which they were entitled to receive a meal period.

27       61.       On information and belief, Defendants also maintained and implemented, on a

28 company-wide basis, a non-compliant written meal period policy that prevented Plaintiffs and

CLASS ACTION COMPLAINT

1    class members from taking compliant meal periods. Defendants' written meal break policy

2    fails to state that employees are entitled to a second 30-minute uninterrupted meal period if

3    they work ten (10) or more hours. Instead, Defendants' written policy states that employees

4    are only entitled to a single 60-minute meal period if they work shifts longer than eight and-a-

5    half (8 ½) hours. Thus, Defendants systematically failed to schedule or even allow second

6    meal periods for Plaintiffs and class members. For example, during the relevant time period,

7    Plaintiffs sometimes worked shifts in excess of 10 hours, but were not authorized and

8    permitted by Defendants to take a second 30-minute meal period. Plaintiffs and class

9    members did not sign valid meal break waivers on days that they were entitled to meal periods

10    but were not relieved of all duties.

11        62.    Due to Defendants' policies and/or procedures for clocking in and out,

12    Plaintiffs and class members were forced to work off-the-clock. Initially, Plaintiffs and class

13    members were required to clock in and out for their shifts using their personal smartphones.

14    After clocking out at the end of their shift, a survey populated that they had to complete before

15    they could leave the store indicating their Lead on Duty, verifying their time worked and

16    recording statistics on activations completed during the day. Defendants told Plaintiffs and

17    class members that they would not be paid if they failed to complete the surveys after their

18    shift. Defendants did not compensate Plaintiffs and class members for the time it took to

19    complete the requisite surveys after they clocked out.

20        63.    At some point during the relevant time period, Defendants changed their clock

21    in and clock out procedures such that employees could only clock in or out by operating

22    software on an iPad located inside the kiosk. Because the kiosk was a "store within a store,"

23    Defendants required employees to follow elaborate opening and closing procedures in order to

24    keep the kiosk and its merchandise secure. Thus, the employee opening the kiosk for the day

25    would not be able to clock in until after going through an elaborate procedure to get into the

26    kiosk, and the closing employee had to clock out before completing an elaborate closing

27    procedure after exiting the kiosk. Both Plaintiffs were frequently responsible for opening and

28    closing their respective kiosks. The opening procedure usually required Plaintiffs to work 15

CLASS ACTION COMPLAINT

1  minutes before they were able to clock in, and the closing procedure usually required
2  Plaintiffs to work 5 minutes after clocking out. Upon information and belief, there was no
3  procedure for making adjustments to employee time records to compensate for this off-the-
4  clock time.

5      64.    Defendants also had a company-wide practice and/or policy of requiring
6  employees to communicate with Defendants' other employees via their own personal cellular
7  phones, including on their days off and outside of their scheduled shifts. Defendants knew or
8  should have known that Plaintiffs and other class members were being made to communicate
9  with Defendants and/or other employees while off-the-clock in order to meet Defendants'
10  expectations, but failed to compensate them for this off-the-clock work. And, although
11  Defendants' managers and other employees regularly contacted Plaintiffs on their personal
12  cellular phones while they were off-the-clock, Defendants failed to pay Plaintiffs for this time.

13      65.    Defendants also required Plaintiffs and class members to travel between stores,
14  to deliver or pick up merchandise. Defendants also required Plaintiffs and class members to
15  travel to off-site training and meetings. However, Plaintiffs and class members were not paid
16  for any of their travel time.

17      66.    Defendants knew or should have known that as a result of its policies, that
18  Plaintiffs and other class members were performing some of their assigned duties off-the-
19  clock and/or during meal periods and were suffered or permitted to perform work for which
20  they were not paid. Defendants also knew, or should have known, that it did not compensate
21  Plaintiffs and other class members for this off-the-clock work. Because Plaintiffs and class
22  members sometimes worked shifts of eight (8) hours a day or more or forty (40) hours a week
23  or more, some of this off-the-clock work qualified for overtime premium pay. Therefore,
24  Plaintiffs and class members were not paid overtime wages for all of the overtime hours they
25  worked.

26      67.    Furthermore, Defendants did not pay Plaintiffs and class members the correct
27  overtime rate for the recorded overtime hours that they generated. In addition to an hourly
28  wage, Defendants paid Plaintiffs and class members commissions, incentive pay, and/or

1    nondiscretionary bonuses. However, in violation of the California Labor Code, Defendants

2    failed to incorporate all remunerations, including commissions, incentive pay, and/or

3    nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of

4    calculating the overtime wage rate. Therefore, during times when Plaintiffs and class

5    members worked overtime and received these other forms of pay, Defendants failed to pay all

6    overtime wages by paying a lower overtime rate than required.

7          68.     For example, during the relevant time period, Plaintiffs and class members

8    earned commissions and/or nondiscretionary bonuses in the same pay periods in which they

9    earned overtime wages. However, Defendants failed to incorporate these other forms of pay

10   into Plaintiffs' and class members' regular rate of pay and, as a result, paid them at an

11   incorrect and lower rate of pay for overtime hours worked. Specifically, Defendants paid

12   Plaintiffs at 1.5 times their hourly rate of pay instead of at 1.5 times their regular rate of pay.

13   Plaintiffs sometimes received "BPT" compensation which was not included in the calculation

14   of the regular rate. Defendants' failure to properly calculate the overtime rate of pay based on

15   all remuneration paid has resulted in an underpayment of overtime wages to Plaintiffs and

16   class members.

17          69.     Defendants' failure to pay Plaintiffs and class members the balance of overtime

18   compensation and failure to include all applicable remuneration in calculating the regular rate

19   of pay for overtime pay, as required by California law, violates the provisions of California

20   Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194,

21   Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as

22   well as interest, costs, and attorneys' fees.

23                         **SECOND CAUSE OF ACTION**

24   **Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

25                             **Minimum Wages**

26                        **(Against All Defendants)**

27          70.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each

28   and every allegation set forth above.

1    71.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197,
2  1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the
3  minimum wage to be paid to employees, and the payment of a wage less than the minimum so
4  fixed is unlawful. Compensable work time is defined in Wage Order No. 7 as "the time
5  during which an employee is subject to the control of an employer, and includes all the time
6  the employee is suffered or permitted to work, whether or not required to do so." Cal. Code.
7  Regs. tit. 8, § 11070(2)(K) (defining "Hours Worked").

8    72. During the relevant time period, due to Defendants' company-wide staffing and
9  scheduling practices and policies, and resultant lack of meal break coverage, Plaintiffs and
10  class members were forced to forego meal periods and/or have their meal periods interrupted
11  or delayed by work, and were not relieved of all duties for unpaid meal periods, in order to
12  assist customers and make sales. Also, as set forth above, Plaintiffs and class members were
13  required to perform work off-the-clock, opening and closing the kiosk, completing mandatory
14  surveys after clocking out, assisting customers, traveling between store locations and to
15  required training and meetings, and communicating with Defendants' management and other
16  employees on their personal cellular phones.

17    73.    During the relevant time period, Defendants also maintained and implemented
18  a company-wide policy of requiring all newly-hired employees and/or prospective employees
19  to undergo mandatory drug testing as a condition of employment. At all times, upon
20  information and belief, Defendants were in control of scheduling the date and time for the
21  drug testing, selecting the provider or facility where the drug testing was to take place, and
22  determining the scope of the drug test. Defendants gave Plaintiffs and class members strict
23  instructions to obtain drug tests as a condition of their employment, and Plaintiffs and class
24  members underwent drug testing for the sole benefit of Defendants. However, Defendants did
25  not compensate Plaintiffs and class members for the time they spent traveling to and from
26  drug testing clinics or for the time they spent undergoing drug testing. Plaintiff Brum spent
27  over an hour and a half traveling to the designated drug testing facility and undergoing a drug
28  test. Plaintiff Camero spent more than four hours traveling to the designated drug testing

Page 20
CLASS ACTION COMPLAINT

1  facility and undergoing a drug test, since the facility was busy and he had to wait.  Defendants
2  did not compensate Plaintiffs for this time.

3      74.     Thus, Defendants did not pay at least minimum wages for all hours worked by
4  Plaintiffs and class members.

5      75.     Defendants' failure to pay Plaintiffs and class members minimum wages for all
6  hours worked violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.
7  Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to
8  recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest
9  thereon.

10                         **THIRD CAUSE OF ACTION**
11  **Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**
12                            **(Against all Defendants)**

13      76.  ·  Plaintiffs incorporate by reference and re-allege as if fully stated herein each
14  and every allegation set forth above.

15      77.     At all relevant times herein set forth, California Labor Code section 512(a)
16  provides that an employer may not require, cause, or permit an employee to work for a period
17  of more than five (5) hours per day without providing the employee with a meal period of not
18  less than thirty (30) minutes, except that if the total work period per day of the employee is
19  not more than six (6) hours, the meal period may be waived by mutual consent of both the
20  employer and the employee.  Under California law, first meal periods must start after no more
21  than five (5) hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal.
22  2012).

23      78.     At all relevant times herein set forth, California Labor Code section 226.7,
24  512(a), and 1198 provide that no employer shall require an employee to work during any meal
25  period mandated by an applicable order of the IWC.

26      79.     At all relevant times herein set forth, Labor Code sections 226.7, 512(a), 1198,
27  and the applicable IWC Wage Order also require employers to provide a second meal break of
28  not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

1  employee one (1) additional hour of pay at the employee's regular rate, except that if the total

2  hours worked is no more than twelve (12) hours, the second meal period may be waived by

3  mutual consent of the employer and the employee only if the first meal period was not waived.

4       80.    During the relevant time period, as mentioned above, Defendants' company-

5  wide failure to provide adequate meal break coverage prevented Plaintiffs and class members

6  from taking compliant meal periods.  As a result of these practices and/or policies, Plaintiffs

7  and class members were frequently required to continue to perform their duties, such as

8  attending to customers, without being able to take timely, compliant meal periods.

9       81.    Further, on information and belief, Defendants have a facially non-compliant

10  meal break policy whereby Plaintiffs and class members are not authorized or permitted to

11  take second 30-minute meal periods on days that they worked in excess of 10 hours in one

12  day.  Instead, the policy allows for a single 60-minute meal break if an employee is scheduled

13  to work a shift longer than eight and-a-half (8 ½) hours.  Thus, Plaintiffs and class members

14  did not receive second 30-minute meal periods on days that they worked in excess of 10 hours

15  in one day.  Upon information and belief, Plaintiffs and class members did not sign valid meal

16  break waivers on days that they were entitled to meal periods and were not relieved of all

17  duties.

18       82.    At all times herein mentioned, Defendants knew or should have known that as a

19  result of these policies, Plaintiffs and class members were prevented from being relieved of all

20  duties and required to perform some of their assigned duties during meal periods.  Defendants

21  further knew, or should have known, that Defendants did not pay Plaintiffs and class members

22  for all meal period premium wages when they were interrupted.  As a result, Plaintiffs and

23  class members had to work through part or all of their meal periods, have their meal periods

24  interrupted, and/or wait extended periods of time before taking meal periods.

25       83.    For example, Plaintiffs and class members were frequently made to work over

26  five (5) hours straight before Defendants permitted and authorized them to take their meal

27  periods.  Plaintiffs each suffered frequent late meal periods, often not receiving a meal period

28  until after working 6.5 hours or more.  Each Plaintiff sometimes missed meal periods entirely,

1   particularly when they were the sole employee on duty.

2       84.    Moreover, upon information and belief, Defendants engaged in a systematic,

3   company-wide policy to not pay meal period premiums for Plaintiffs and class members,

4   regardless of whether they were able to take a compliant meal break, in violation of the

5   applicable IWC Wage Order and Labor Code sections 226.7 and 512(a). Alternatively, to the

6   extent that Defendants did pay Plaintiffs and class members one (1) additional hour of

7   premium pay for missed meal periods, Defendants did not pay Plaintiffs and class members at

8   the correct rate of pay for premium wages because Defendants failed to include all forms of

9   compensation, such as commissions, incentive pay, and/or nondiscretionary bonuses, in the

10  regular rate of pay. As a result, to the extent Defendants paid Plaintiffs and class members

11  premium pay for missed meal periods, it did so at a lower rate than required by law. As a

12  result, Defendants failed to provide Plaintiffs and class members compliant meal periods in

13  violation of California Labor Code sections 226.7 and 512 and failed to pay the full meal

14  period premiums due.

15      85.    Defendants' conduct violates the applicable IWC Wage Orders and Labor Code

16  sections 512(a), 226.7, and 1198. Plaintiffs and class members are therefore entitled to

17  recover from Defendants one (1) additional hour of pay at the employee's regular rate of

18  compensation for each work day that the meal period was not provided.

19                          **FOURTH CAUSE OF ACTION**

20  **Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

21                              **(Against all Defendants)**

22      86.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

23  and every allegation set forth above.

24      87.    At all relevant times, the applicable IWC Wage Order and California Labor

25  Code sections 226.7 and 1198 were applicable to Plaintiffs and class members employed by

26  Defendants.

27      88.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

28  employer shall authorize and permit all employees to take rest periods, which insofar as

practicable shall be in the middle of each work period" and that the "rest period time shall be

based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

hours or major fraction thereof" unless the total daily work time is less than three and one-half

(3½) hours.

89.    At all relevant times, California Labor Code section 226.7 provides that no

employer shall require an employee to work during any rest period mandated by an applicable

order of the California IWC. During the relevant time period, Defendants failed to authorize

and permit Plaintiffs and class members to take ten (10) minute rest period per each four (4)

hour period worked or major fraction thereof. Plaintiffs and class members were denied rest

periods in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

90.    At all relevant times, Defendants' scheduling policies and practices, or lack

thereof, prevented Plaintiffs and class members from being relieved of all duty in order to take

compliant rest periods. Defendants' management never informed Plaintiffs and class

members about the rest breaks to which they were entitled. Defendants also failed to schedule

rest periods for Plaintiffs and class members on a company-wide basis. As a result, Plaintiffs

would work shifts in excess of 3.5 hours and in excess of 6 hours without receiving all

uninterrupted ten (10) minute rest periods to which they were entitled. Plaintiffs and class

members also worked shifts in excess of 6 hours and in excess of 10 hours without receiving

all uninterrupted ten (10) minute rest periods to which they were entitled. Plaintiffs were

almost never given the opportunity to take any kind of rest break.

91.    At the same time, Defendants have implemented a company-wide policy to not

pay rest period premiums. Alternatively, to the extent that Defendants did pay Plaintiffs and

class members one (1) additional hour of premium pay for missed rest periods, Defendants did

not pay Plaintiffs and class members at the correct rate of pay for premium wages because

Defendants failed to include all forms of compensation, such as commissions, incentive pay

and/or nondiscretionary bonuses, in the regular rate of pay. As a result, to the extent

Defendants paid Plaintiffs and class members premium pay for missed rest periods, it did so at

a lower rate than required by law. As a result, Plaintiffs and class members were denied rest

CLASS ACTION COMPLAINT

1  periods and failed to pay the full rest period premiums due, in violation of Labor Code section
2  226.7 and the applicable IWC Wage Order.

3      92.    Defendants' conduct violates the applicable IWC Wage Orders and California
4  Labor Code section 226.7 and 1198. Plaintiffs and class members are therefore entitled to
5  recover from Defendants one (1) additional hour of pay at the employee's regular rate of
6  compensation for each work day that the rest period was not provided.

7  <div align="center">**FIFTH CAUSE OF ACTION**</div>
8  <div align="center">**Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant**</div>
9  <div align="center">**Wage Statements and Failure to Maintain Accurate Payroll Records**</div>
10  <div align="center">**(Against all Defendants)**</div>

11      93.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each
12  and every allegation set forth above.

13      94.    At all relevant times herein set forth, California Labor Code section 226(a)
14  provides that every employer shall furnish each of his or her employees an accurate and
15  complete itemized wage statement in writing, including, but not limited to, the name and
16  address of the legal entity that is the employer, the inclusive dates of the pay period, total
17  hours worked, and all applicable rates of pay.

18      95.    At all relevant times herein set forth, Defendants have systematically provided
19  Plaintiffs and class members with uniform, incomplete, and inaccurate wage statements.
20  Specifically, Defendants violated sections 226(a)(1), 226(a)(5), 226(a)(8), and 226(a)(9).
21  Because Defendants did not calculate Plaintiffs' and class members' regular rate of pay
22  correctly for purposes of paying overtime, Defendants did not list the correct amount of gross
23  wages earned by Plaintiffs and class members in compliance with section 226(a)(1). For the
24  same reason, Defendants failed to list the correct amount of net wages earned by Plaintiffs and
25  class members in violation of section 226(a)(5). Defendants also failed to correctly list all
26  applicable hourly rates in effect during the pay period, namely, correct overtime rates of pay
27  and correct rates of pay for premium wages, as a result of miscalculating the regular rate of
28  pay in violation of section 226(a)(9). Instead, Defendants incorrectly listed overtime rates at



1  1.5 times Plaintiffs' and class members' hourly rates of pay.

2      96.    In addition, Defendants issued uniform wage statements to Plaintiffs and class
3  members that fail to list the correct name and/or address of the legal entity that is the
4  employer, in violation of section 226(a)(8). According to Plaintiffs' paystubs, the legal name
5  of the employing entity is "MarketSource, Inc.", and the address for the employing entity is
6  listed as "11700 Great Oaks Way, Alpharetta, GA, 30022." However, according to the
7  California Secretary of State, "MARKETSOURCE, INC." is a California corporation based in
8  Palm Springs, and is unrelated to Defendants. There is another entity listed with the
9  California Secretary of State, named "MARKETSOURCE, INC. WHICH WILL DO
10  BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE." The legal address of
11  this entity is "7301 Parkway Drive, Hanover, MD, 21076." Upon information and belief, this
12  is the true name and address of the employing entity.

13     97.    The wage statement deficiencies also include, without limitation, failing to list
14  total hours worked by employees; failing to list the number of piece-rate units earned and any
15  applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions;
16  failing to list the inclusive dates of the period for which the employee is paid; failing to list the
17  name of the employee and only the last four digits of his or her social security number or an
18  employee identification number other than a social security number; and/or failing to state all
19  hours worked as a result of not recording or stating the hours they worked off-the-clock.

20     98.    California Labor Code section 1198 provides that the maximum hours of work ·
21  and the standard conditions of labor shall be those fixed by the Labor Commissioner and as
22  set forth in the applicable IWC Wage Orders. Section 1198 further provides that "[t]he
23  employment of any employees for longer hours than those fixed by the order or under
24  conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC
25  Wage Order, employers are required to keep accurate time records showing when the
26  employee begins and ends each work period and meal period. During the relevant time
27  period, Defendants failed, on a company-wide basis, to keep accurate records of meal period
28  start and stop times for Plaintiffs and class members in violation of section 1198.



99.    California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"  During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiffs and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

100.    Because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs and class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.  Instead, Plaintiffs and class members have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

101.    Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

## SIXTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201, 202, and 203 – Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

102.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

103.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of

1  discharge are due and payable immediately, and that if an employee voluntarily leaves his or

2  her employment, his or her wages shall become due and payable not later than seventy-two

3  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

4  his or her intention to quit, in which case the employee is entitled to his or her wages at the

5  time of quitting.

6      104.   During the relevant time period, Defendants willfully failed to pay Plaintiffs

7  and class members who are no longer employed by Defendants the earned and unpaid wages

8  set forth above, including but not limited to, overtime wages, minimum wages, and meal and

9  rest period premium wages, either at the time of discharge, or within seventy-two (72) hours

10  of their leaving Defendants' employ.  On information and belief, Defendants have a company-

11  wide practice and/or policy of paying departing employees their final wages on the next

12  regular pay cycle, instead of adhering to the time requirements set forth in Labor Code

13  sections 201 and 202.

14      105.   For example, Plaintiff Brum gave two (2) weeks' notice prior to leaving

15  Defendants' employ, but she was not given her final paycheck on that day.  Instead, she had to

16  wait 5-6 days until the next regular pay period.  Similarly, Plaintiff Camero gave more than

17  three (3) days' notice prior to leaving the company, but instead of receiving his final paycheck

18  on his last day of work, he had to wait 6-7 days until the next regular pay period.

19      106.   Defendants' failure to pay Plaintiffs and those class members who are no

20  longer employed by Defendants their wages earned and unpaid at the time of discharge, or

21  within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code

22  sections 201 and 202.  Plaintiffs and class members are therefore entitled to recover from

23  Defendants the statutory penalty wages for each day they were not paid, at their regular rate of

24  pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

25                        SEVENTH CAUSE OF ACTION

26   Violation of California Labor Code § 1198 – Failure to Compensate for Split-Shifts

27                           (Against all Defendants)

28      107.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each

and every allegation set forth above.

108. California Labor Code section 1198 provides that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC wage order. California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

109. California Code of Regulations, Title 8, section 11070(4)(C) provides that "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment." California Code of Regulations, Title 8, defines a split shift as "a work schedule, which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."

110. Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(4)(C), because Defendants failed to pay Plaintiffs and class members a split-shift premium when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour.

111. Defendants scheduled Plaintiffs to work double-shifts that were separated by more than one (1) hour of time, but failed to pay them one (1) hour's pay at the minimum wage in addition to the minimum wage for that workday. For example, Plaintiff Brum was asked to work double shifts on and around "Black Friday." This involved working a morning shift, then taking a break of over an hour, then working an afternoon/evening shift. Plaintiff Brum was not paid for an additional hour of pay when she worked double shifts. Upon information and belief, other class members also worked double shifts separated by more than one (1) hour of time without receiving one additional hour at minimum wage from Defendants for working a split-shift. Accordingly, Defendants required Plaintiffs and class members to work split shifts but failed to pay them an additional hour at minimum wage in violation of California Labor Code section 1198.

CLASS ACTION COMPLAINT

 

112.   Defendants' failure to compensate Plaintiffs and class members with split-shift pay when they returned to work for an additional shift in the same day, after having been clocked out for more than an hour, violates California Labor Code section 1198 and California Code of Regulations Title 8, Section 11070(4)(C).  Pursuant to the applicable IWC Wage Order, Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at minimum wage for each work day that they worked a split shift.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses
### (Against all Defendants)

113.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

114.   At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

115.   During the relevant time period, Plaintiffs and class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. Defendants, on a company-wide basis, required that Plaintiffs and class members utilize their own personal cell phones and/or cell phone data to carry out their job duties, but Defendants failed to reimburse them for the costs of their cell phone plans and/or data plans.  For example, Plaintiffs were required to use their personal cellular phone in order to carry their work responsibilities, such as clocking in out for their shifts, completing mandatory post-shift surveys to report on the day's activities, communicating with district managers and demonstrating cellular phone features to customers.  Although Defendants required Plaintiffs to regularly utilize their personal cellular phones to carry out work-related responsibilities, Defendants failed to reimburse them for this cost.

CLASS ACTION COMPLAINT

116.   Moreover, Defendants had a company-wide policy of requiring Plaintiffs and class members to travel in their own personal vehicles to transfer merchandise between stores and attend off-site meetings and trainings, but did not reimburse them for their travel expenses, including mileage.

117.   Additionally, as mentioned, Defendants required Plaintiffs and class members to travel in their own personal vehicles to designated clinics to undergo drug testing at or near their time of hire, and did not reimburse them for their travel expenses. Defendants engaged in a systematic, company-wide policy not to reimburse Plaintiffs and class members for these travel expenses.

118.   Defendants could have provided Plaintiffs and class members with the actual tools for use on the job, including company phones, reimbursed employees for their cell phone usage and gas expenses, and/or provided company vehicles to be used for fulfilling work-related tasks, such as for obtaining mandatory drug testing.  Instead, Defendants passed these costs off on to Plaintiffs and class members.  Defendants have, and continue to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred.

119.   Defendants' company-wide policy and/or practice of passing on its operating costs to Plaintiffs and class members by requiring that they use their own personal cellular phones and personal vehicles for work and failing to reimburse all travel expenses violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to fully reimburse Plaintiffs and other class members for necessary business-related expenses and costs.

120.   Plaintiffs and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

CLASS ACTION COMPLAINT

1                     **NINTH CAUSE OF ACTION**

2      **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

3                     **Unlawful Business Practices**

4                     **(Against all Defendants)**

5      121.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein each

6 and every allegation set forth above.

7      122.    Defendants are a "person" as defined by California Business & Professions

8 Code sections 17201, as they are corporations, firms, partnerships, joint stock companies

9 and/or associations.

10      123.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

11 unlawful and harmful to Plaintiffs, class members, and to the general public. Plaintiffs have

12 suffered injury in fact and have lost money as a result of Defendants' unlawful business

13 practices. Plaintiffs seek to enforce important rights affecting the public interest within the

14 meaning of Code of Civil Procedure section 1021.5.

15      124.    Defendants' activities, as alleged herein, are violations of California law, and

16 constitute unlawful business acts and practices in violation of California Business &

17 Professions Code sections 17200, *et seq*.

18      125.    A violation of California Business & Professions Code sections 17200, *et seq*.

19 may be predicated on the violation of any state or federal law. In the instant case, Defendants'

20 policies and practices have violated state law in at least the following respects:

21             (a)    Requiring non-exempt employees, including Plaintiffs and class

22                  members, to work overtime without paying them proper compensation

23                  in violation of California Labor Code sections 510 and 1198 and the

24                  applicable IWC Order, as alleged herein;

25             (b)    Failing to pay at least minimum wage to Plaintiffs and class members in

26                  violation of California Labor Code sections 1182.12, 1194, 1197,

27                  1197.1, and 1198 and the applicable IWC Order, as alleged herein;

28             (c)    Failing to provide uninterrupted meal and rest periods to Plaintiffs and

class members in violation of California Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Order, as alleged herein;

(d)    Failing to provide Plaintiffs and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged herein;

(e)    Failing timely to pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below;

(f)    Failing to pay Plaintiffs and class members one hour of minimum wage when they were required to work split shifts in violation of California Labor Code section 1198, and the applicable IWC Order, as alleged herein;

(g)    Failing to pay the costs of mandatory pre-employment physical examinations and drug testing in violation of California Labor Code section 222.5, as set forth below;

(h)    Failing to reimburse Plaintiffs and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein; and

(i)    Failing to provide written notice of information material to Plaintiffs' and class members' employment with Defendants in violation of Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

126.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.

127.    At all times relevant herein, Labor Code section 204 provides that all wages

CLASS ACTION COMPLAINT

1   earned by any person in any employment between the sixteenth (16th) and the last day,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the first (1st) and the tenth (10th) day of the following

4   month.

5        128.    At all times relevant herein, Labor Code section 204 provides that all wages

6   earned for labor in excess of the normal work period shall be paid no later than the payday for

7   the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section

8   204 provides that the requirements of this section are deemed satisfied by the payment of

9   wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than

10  seven (7) calendar days following the close of the payroll period.

11       129.    During the relevant time period, Defendants willfully failed to pay Plaintiffs

12  and class members all wages due including, but not limited to, overtime wages, minimum

13  wages, and meal and rest period premium wages, within the time periods specified by

14  California Labor Code section 204.

15       130.    At all relevant times herein, California Labor Code section 222.5 requires

16  employers to pay for the costs a prospective employee incurs for obtaining any pre-

17  employment medical or physical examination taken as a condition of employment.

18       131.    During the relevant time period, Defendants required that Plaintiffs and class

19  members undergo a mandatory drug test as a condition of employment, but required them to

20  do so at their own expense. As stated, upon information and belief, Defendants had a

21  company-wide policy requiring that all pre-hires, including Plaintiffs and class members,

22  travel to a medical clinic on their own time and using their own personal vehicles to undergo

23  drug testing and/or physical examinations. At all times, upon information and belief,

24  Defendants were in control of scheduling the date and time for the drug testing, selecting the

25  provider/facility where the drug testing was to take place, and determining the scope of the

26  physical examination and drug test. However, Defendants did not compensate Plaintiffs and

27  class members for the time they spent traveling to and from drug testing, for the time they

28  spent undergoing drug testing or for the travel expenses they incurred getting to and from the

1  medical clinic.

2      132.   As stated, Plaintiff Brum spent more than 90 minutes traveling to and

3  undergoing the required drug test, while Plaintiff Camero spent more than four hours traveling

4  to and undergoing the required drug test. However, Defendants did not compensate Plaintiffs

5  for this time or reimburse them for travel expenses to and from the clinic.

6      133.   California's Wage Theft Prevention Act was enacted to ensure that employers

7  provide employees with basic information material to their employment relationship at the

8  time of hiring, and to ensure that employees are given written and timely notice of any

9  changes to basic information material to their employment. Codified at California Labor

10  Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an

11  employer must provide written notice to employees containing basic and material payroll

12  information, including, among other things, the rate(s) of pay and basis thereof, whether paid

13  by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for

14  overtime, the regular payday designated by the employer, and any allowances claims as part

15  of the minimum wage, including meal or lodging allowances.

16      134.   Effective January 1, 2015, an employer's written notice pursuant to section

17  2810.5 must also include a statement that the employee may accrue and use sick leave; has a

18  right to request and use accrued paid sick leave; may not be terminated or retaliated against

19  for using or requesting the use of accrued paid sick leave; and has the right to file a complaint

20  against an employer who retaliates.

21      135.   During the relevant time period, Defendants failed to provide written notice to

22  Plaintiffs and class members that lists the requisite information set forth in Labor Code section

23  2810.5(a)(1)(A)-(C) on a company-wide basis.

24      136.   Defendants' failure to provide Plaintiffs and class members with written notice

25  of basic information regarding their employment with Defendants is in violation of Labor

26  Code section 2810.5.

27      137.   As a result of the violations of California law herein described, Defendants

28  unlawfully gained an unfair advantage over other businesses. Plaintiffs and class members

1  have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

2  herein.

3      138.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

4  Plaintiffs and class members are entitled to restitution of the wages withheld and retained by

5  Defendants during a period that commences four years prior to the filing of this complaint; a

6  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and

7  class members; and an award of attorneys' fees pursuant to California Code of Civil

8  Procedure section 1021.5 and other applicable laws; and an award of costs.

9  //

10  //

11                          **TENTH CAUSE OF ACTION**

12          **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

13                          **Unfair Business Practices**

14                          **(Against all Defendants)**

15      139.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

16  and every allegation set forth above.

17      140.    Defendants are a "person" as defined by California Business & Professions

18  Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

19  and/or associations.

20      141.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

21  and harmful to Plaintiffs, class members, and to the general public. Plaintiffs have suffered

22  injury in fact and have lost money as a result of Defendants' unfair business practices.

23  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of

24  Code of Civil Procedure section 1021.5.

25      142.    Defendants' activities, namely Defendants' company-wide practice and/or

26  policy of not paying Plaintiffs and class members all meal and rest period premium wages due

27  to them under Labor Code section 226.7, deprived Plaintiffs and class members of the

28  compensation guarantee and enhanced enforcement implemented by section 226.7. The

1    statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to
2    compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior*
3    *Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were
4    guaranteed to Plaintiffs and class members as part of their employment with Defendants, and
5    thus Defendants' practice and/or policy of denying these statutory benefits constitutes an
6    unfair business practice in violation of California Business & Professions Code sections
7    17200, *et seq*. (*Id.*)

8        143.    A violation of California Business & Professions Code sections 17200, *et seq*.
9    may be predicated on any unfair business practice. In the instant case, Defendants' policies
10   and practices have violated the spirit of California's meal and rest break laws and constitute
11   acts against the public policy behind these laws.

12       144.    Pursuant to California Business & Professions Code sections 17200 *et seq*.,
13   Plaintiffs and class members are entitled to restitution for the class-wide loss of the statutory
14   benefits implemented by section 226.7 withheld and retained by Defendants during a period
15   that commences four years prior to the filing of this complaint; a permanent injunction
16   requiring Defendants to pay all statutory benefits implemented by section 226.7 due to
17   Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil
18   Procedure section 1021.5 and other applicable laws; and an award of costs.

19                           **REQUEST FOR JURY TRIAL**

20       Plaintiffs request a trial by jury.

21                             **PRAYER FOR RELIEF**

22       Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and
23   judgment against Defendants, jointly and severally, as follows:

24       1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in
25   excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiffs
26   reserve the right to amend their prayer for relief to seek a different amount.

27                             **Class Certification**

28       2.    That this case be certified as a class action;



3.      That Plaintiffs be appointed as representatives of the Class and subclass;

4.      That counsel for Plaintiffs be appointed as class counsel.

### As to the First Cause of Action

5.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.      For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiffs and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

17.    That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.    For all actual, consequential, and incidental losses and damages, according to proof;

19.    For premiums pursuant to California Labor Code section 226.7(b);

20.    For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law; and

21.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

23.    That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

24.    For all actual, consequential, and incidental losses and damages, according to proof;

25.    For premiums pursuant to California Labor Code section 226.7(b);

26.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law; and

27.    For such other and further relief as the Court may deem equitable and appropriate.

CLASS ACTION COMPLAINT

### As to the Fifth Cause of Action

28.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

29.    For all actual, consequential and incidental losses and damages, according to proof;

30.    For injunctive relief pursuant to California Labor Code section 226(h);

31.    For statutory penalties pursuant to California Labor Code section 226(e); and

32.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages, minimum wages, and meal and rest period premiums owed at the time of termination of the employment of Plaintiffs and other terminated class members;

34.    For all actual, consequential and incidental losses and damages, according to proof;

35.    For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

36.    For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law; and

37.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

38.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 by willfully failing to pay split shift premiums to Plaintiffs and class members when they returned to work for an additional shift in the same day, after having been

1   clocked out for more than an hour;

2       39.     For all actual, consequential and incidental losses and damages, according to
3   proof;

4       40.     For pre-judgment interest on any unpaid wages from the date such amounts
5   were due, or as otherwise provided by law; and

6       41.     For such other and further relief as the Court may deem equitable and
7   appropriate.

8                             **As to the Eighth Cause of Action**

9       42.     That the Court declare, adjudge and decree that Defendants violated California
10  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-
11  related expenses and costs incurred by Plaintiffs and class members;

12      43.     For unpaid business-related expenses and such general and special damages as
13  may be appropriate;

14      44.     For pre-judgment interest on any unpaid business-related expenses from the
15  date such amounts were due, or as otherwise provided by law;

16      45.     For all actual, consequential, and incidental losses and damages, according to
17  proof; and

18      46.     For such other and further relief as the Court may deem equitable and
19  appropriate.

20                             **As to the Ninth Cause of Action**

21      47.     That the Court declare, adjudge and decree that Defendants conduct of failing
22  to provide Plaintiffs and class members all overtime wages due to them, failing to provide
23  Plaintiffs and class members all minimum wages due to them, failing to provide Plaintiffs and
24  class members all meal and rest periods, failing to provide Plaintiffs and class members
25  accurate and complete wage statements, failing to maintain accurate payroll records for
26  Plaintiffs and class members, failing timely to pay Plaintiffs and class members all earned
27  wages during employment, failing to pay Plaintiffs and class members all split-shift premiums
28  owed, failing to reimburse Plaintiffs and class members for the costs of mandatory pre-

1  employment physicals and drug testing, failing to reimburse Plaintiffs and class members for

2  business-related expenses, and failing to provide Plaintiffs written notice of information

3  material to Plaintiffs and class members' employment with Defendants, constitutes an

4  unlawful business practice in violation of California Business and Professions Code sections

5  17200, *et seq*;

6      48.    For restitution of unpaid wages to Plaintiffs and all class members and

7  prejudgment interest from the day such amounts were due and payable;

8      49.    For the appointment of a receiver to receive, manage and distribute any and all

9  funds disgorged from Defendants and determined to have been wrongfully acquired by

10  Defendants as a result of violations of California Business & Professions Code sections 17200

11  *et seq.*;

12      50.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13  California Code of Civil Procedure section 1021.5; and

14      51.    For such other and further relief as the Court may deem equitable and

15  appropriate.

16                  **As to the Tenth Cause of Action**

17      52.    That the Court declare, adjudge and decree that Defendants' conduct of denying

18  Plaintiffs and class members the statutory benefits guaranteed under section 226.7 constitutes

19  an unfair business practice in violation of California Business and Professions Code sections

20  17200, *et seq.*;

21      53.    For restitution of the statutory benefits under section 226.7 unfairly withheld

22  from Plaintiffs and class members and prejudgment interest from the day such amounts were

23  due and payable;

24      54.    For the appointment of a receiver to receive, manage and distribute any and all

25  funds disgorged from Defendants and determined to have been wrongfully acquired by

26  Defendants as a result of violations of California Business & Professions Code sections 17200

27  *et seq.*;

28      55.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

CLASS ACTION COMPLAINT

California Code of Civil Procedure section 1021.5;

      56.    For pre-judgment and post-judgment interest as provided by law; and

      57.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 3, 2017              Respectfully submitted,

                             Capstone Law APC

              By:                        
                             Arnab Banerjee
                             Brandon Brouillette
                             Ruhandy Glezakos

                             Attorneys for Plaintiffs Jennifer Brum and
                             Michael Camero

CLASS ACTION COMPLAINT

01/03/2017  15:06  12099436930                    LEGAL COPY & PROCESS                 PAGE  08/08

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arnab Banerjee(SBN 252618); Brandon Brouillette (SBN273156). CAPSTONE LAW APC 1875 Century Park East, Suite 1000 Los Angeles, CA 90067 TELEPHONE NO.: (310) 556-4811    FAX NO.: (310) 943-0396 ATTORNEY FOR (Name): Plaintiff Jennifer Brum and Michael Camero | FILED SUPERIOR COURT - STOCKTON 2016 JAN -3 PM 2:33 ROSA JUNQUEIRO, CLERK BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Ave., #303 Stockton, CA 95202-2777
MAILING ADDRESS: P.O. Box 201022, Stockton, CA 95201
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton Branch Courthouse

CASE NAME:
Jennifer Brum and Michael Camero v. MARKETSOURCE, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | STK-CV-UOE-2017- 18 DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 03, 2017
Arnab Banerjee
_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arnab Banerjee(SBN 252618); Brandon Brouillette (SBN273156)<br>CAPSTONE LAW APC<br>1875 Century Park East, Suite 1000<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 556-4811    FAX NO.: (310) 943-0396<br>ATTORNEY FOR *(Name)*: Plaintiff Jennifer Brum and Michael Camero | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Ave., #303 Stockton, CA 95202-2777
MAILING ADDRESS: P.O. Box 201022, Stockton, CA 95201
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton Branch Courthouse

CASE NAME:
Jennifer Brum and Michael Camero v. MARKETSOURCE, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:  a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:  Ten (10)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 03, 2017

Arnab Banerjee
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

01/03/2017  15:06    1209946?150           LEGAL  COPY  & PROCESS           PAGE  05/08

# SUPERIOR COURT OF CALIFORNIA

**San Joaquin County**
**222 E. Weber Avenue**
**Stockton, CA 95201**

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: STK-CV-UOE-2017-0000018

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 06/30/2017 | | Time:  8:45 AM |
|---|---|---|---|
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Elizabeth Humphreys | Stockton | 22 | (209)992-5693 |

[ × ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. Serve all named defendant's and file proofs of service on those defendants with the court within 60 days of the filing of the complaint. (CRC 3.110)

   b. File and serve a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. Meet and Confer, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. Collection cases are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

   Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 01/03/2017                                             _____ Donna Edwards _____ .Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING**



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.

**Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org or visit the court website at www.sjcourts.org

---

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*



## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
    - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
    - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
    - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
    - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:     FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one)*: ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial. ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐   The trial has been set for *(date):*
b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐   days *(specify number):*
b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
☐   Additional representation is described in Attachment 8.

f.   Fax number:
g.   Party represented:

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** *(if available).*

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| ☐LODI Branch<br>315 W. Elm St.<br>Lodi, CA 95240 | ☐ MANTECA Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☐ TRACY Branch<br>475 E. 10th St.<br>Tracy, CA 95376 | ☐STOCKTON Branch<br>222 E. Weber Ave.<br>Stockton, CA 95202 | |
|---|---|---|---|---|

Plaintiff(s)/Petitioner(s):

| Defendant(s)/Respondent(s): | CASE NUMBER: |
|---|---|

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐Voluntary Mediation                                    ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12      _____

☐Binding Arbitration (private)                          _____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators?  ☐ Yes          ☐ No

Neutral's name and telephone number: _____  /(_____) _____

Date/Time of ADR Session: _____/_____a.m./p.m.  Location of ADR Session:_____

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____

_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.

| | |
|---|---|
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____      _____

                                                            Judge of the Superior Court

An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

*Indicating your preference on Case Management Statement form CM-110;

*Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or

*Agree to ADR at your initial Case Management Conference.

**Questions?** Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org or visit the court website at www.sjcourts.org

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorney's fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*



## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

 

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                        FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*.
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                    f.  Fax number:
    e.  E-mail address:                                      g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing to** participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
      Party             Description            Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
   anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▷
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▷
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Page 5 of 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch<br>315 W. Elm St.<br>Lodi, CA 95240 | ☐ MANTECA Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☐ TRACY Branch<br>475 E. 10th St.<br>Tracy, CA 95376 | ☐STOCKTON Branch<br>222 E. Weber Ave.<br>Stockton, CA 95202 | |
|---|---|---|---|---|

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

| STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) |
|---|

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐Voluntary Mediation                          ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12     _____

☐Binding Arbitration (private)                    _____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators?  ☐ Yes          ☐ No

Neutral's name and telephone number: _____ /(_____)_____

Date/Time of ADR Session: _____/_____a.m./p.m.  Location of ADR Session:_____

Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:

_____

_____

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.

| | |
|---|---|
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |
| _____<br>Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | _____<br>(Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____     _____

Judge of the Superior Court

An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (6/09)