UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM and MICHAEL CAMERO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC., a Maryland corporation; ALLEGIS GROUP, INC., a Maryland corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-241-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

Plaintiffs Jennifer Brum and Michael Camero (collectively, "Plaintiffs") sued Defendants MarketSource, Inc. and Allegis Group, Inc. (collectively, "Defendants") in state court for various wage and hour violations. ECF No. 1-1. Defendants removed the case to federal court. ECF No. 1. Defendants move to dismiss and move to strike portions of Plaintiffs' First Amended Complaint ("FAC"). ECF No. 7. Plaintiffs oppose. ECF No. 10.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 2, 2017.

1

1 | I. FACTS

Defendants provide retail sales personnel to dozens of Target Mobile kiosks throughout California. FAC ¶ 26. Brum worked as a "Wireless Team Lead" at several Target stores throughout Northern California. FAC ¶ 3. Camero worked as a "Target Mobile Manager" at two Target stores in San Diego, California. FAC ¶ 4.

Plaintiffs allege Defendants violated overtime, meal, and rest period laws and did not properly report wage statements. FAC at 13-19, 21-27. Plaintiffs also contend Defendants required all new hires to take drug tests as a condition of employment without paying for the time and expense to travel to and from the drug testing facility and to take the test. FAC ¶ 29.

Plaintiffs seek to represent one class and one subclass, but have not yet filed a motion for class certification. FAC ¶¶ 20, 21.

Defendants move to dismiss Plaintiffs' FAC as a whole, arguing the allegations are insufficient under wage and hour pleading standards. Notice of Mot. at 1. In the alternative, Defendants move to strike (1) allegations regarding reimbursement for drug tests, (2) allegations that Defendants did not pay the correct premiums for missed meal and rest breaks, and (3) requests for injunctive relief. Id. at 1-5.

II. OPINION

A. Request for Judicial Notice

Plaintiffs ask the Court to take judicial notice of the following documents:

1. The Division of Labor Standards Enforcement Enforcement Policies and Interpretations Manual ("DLSE Manual");

2. DLSE opinion letter entitled: "Whether there is a Private Right of Action to Enforce Amounts Owed Under the Meal Period Provisions of the IWC Orders Under Labor Code section 226.7;"

3. Assembly Bill No. 2509 as introduced on February 24, 2000;

4. Assembly Bill No. 2509 as amended on August 25, 2000; and

5. The United States Department of Labor's Fair Labor Standards Act ("FLSA") Hours Worked Advisor, Employers' Screen 13, entitled: "Physical Exams, Fingerprinting and Drug Testing." Pls.' Req. for Judicial Notice ("RJN") at 1, ECF No. 11.

Defendants argue the Court should not take judicial notice of numbers 1 and 5. Defs.' Obj. to RJN at 1-2, ECF No. 13.

As to number 1, the DLSE Manual, Defendants argue it is a "void regulation subject to no deference." Id. at 1. Other district courts have taken judicial notice of the DLSE Manual. See e.g. Mitchell v. Medtronic, Inc., No. CV 13-6624-MWF(PLAX), 2015 WL 12747824, at *2 (C.D. Cal. Feb. 13, 2015), aff'd, No. 15-55888, 2017 WL 1056096 (9th Cir. Mar. 21, 2017). The Court recognizes, however, that the DLSE Manual is not binding authority. See Klune v. Ashley Furniture Indus., Inc., No. CV 14-3986 PA FFMX, 2015 WL 1540906, at *3 n.1 (C.D. Cal. Apr. 3, 2015). The Court therefore follows Burnham v. Ruan Transp., No. SACV 12-0688 AG ANX, 2013 WL 4564496, at *3 (C.D. Cal. Aug. 16, 2013) and takes judicial notice of the existence of the DLSE

3

Manual but not the truth of the facts asserted within the manual.

Defendants argue the Court should not take judicial notice of number 5 because "the printout constitutes an advisory opinion without any citation or legal analysis." Defs.' Obj. at 2. Plaintiffs do not provide any authority stating that a Court can take judicial notice of an unauthenticated printout of a webpage. The Court denies Plaintiffs' request for judicial notice of number 5.

Defendants do not object to Plaintiffs' request for judicial notice of documents 2 through 4. DLSE opinion letters and assembly bills are properly subject to judicial notice. Abdullah v. U.S. Sec. Assocs., Inc., 731 F.3d 952, 959 n.10 (9th Cir. 2013) (taking judicial notice of several DLSE opinion letters); Coleman v. Schwarzenegger, No. C01-1351 TEH, 2009 WL 2407404, at *2 (E.D. Cal. Aug. 4, 2009) (taking judicial notice of an assembly bill). The Court takes judicial notice of documents 2, 3, and 4.

B. Analysis

1. Motion to Dismiss All Claims for Inadequate Pleading

Defendants argue "Plaintiffs have failed to satisfy the pleading standards for wage-hour claims set forth by the Ninth Circuit in Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014)." Mot. at 1. Defendants argue Plaintiffs do not comply with Landers because they do not "identify a single workday when they suffered a minimum wage, overtime, meal period, rest period, or expense reimbursement violation." Id.

4

In Landers, plaintiff contended he had not received proper minimum wage or overtime payments. Landers, 771 F.3d at 640. He alleged various inadequacies in his employer's overtime policies, "[n]otably absent from the allegations in Landers's complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." Id. at 646. The Ninth Circuit held that while an employee need not allege "with mathematical precision" the amount of overtime compensation owed, he must provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." Id. (alterations in original) (quoting Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013)). Because Landers "simply alleged that he was not paid for overtime hours, without providing details about the overtime hours worked, his allegations merely raised the possibility of undercompensation, which was not the same as plausibility." Daugherty v. SolarCity Corp., No. C 16-05155 WHA, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017) (internal punctuation and citations omitted).

Here, Plaintiffs state specific time periods when Defendants did not compensate them for certain activities, such as filling out surveys after they had already clocked out. See FAC ¶ 61. The FAC states Camero had to "perform between 10 to 15 minutes of off-the-clock work during meal breaks, three to four times per week." FAC ¶ 67. Brum "worked shifts in excess of eight hours one to two times per week." Id. In addition to

5

these allegations, the FAC contains several more details about various wage and hour violations that the Court need not enumerate here. Unlike Landers, Plaintiffs provide "sufficient detail" regarding their claims and do not "merely recite the statutory language." See Landers, 771 F.3d at 644. The Court denies Defendants' motion to dismiss the FAC in its entirety.

    2.    <u>Motion to Strike References to Reimbursement for Drug Testing</u>

Plaintiffs allege Defendants did not compensate them "for the time they spent traveling to and from drug testing clinics or for the time they spent undergoing drug testing." FAC ¶ 73. Plaintiffs allege Defendants sent Camero an email which stated "Congratulations again on your new position!" and instructed him to complete a mandatory drug screening. Id. Plaintiffs state Defendants controlled scheduling the date and time of the drug test, selected the provider or facility to perform the test, and determined the scope of the test. Id. Plaintiffs also state that Defendants gave them "strict instructions to obtain drug tests as a condition of their employment," and they took the tests "for the sole benefit of Defendants." Id. Plaintiffs plead these facts in support of their second claim for unpaid minimum wages, seventh claim for unpaid business expenses, and eighth claim for unlawful business practices. FAC ¶¶ 73, 111, 119, 121, 122.

Defendants argue an employer does not have to compensate prospective employees for drug tests they take as a condition of employment. Mot. at 5. Defendants state that Labor Code Section 1194(a) requires employers to pay minimum wages to

"employees," not prospective employees. Id.

Plaintiffs respond that whether they were employees when they took the drug tests is a "fact-dependent" inquiry. Opp'n at 3. Plaintiffs state that "the FAC alleges that Defendants offered employment to Plaintiffs, and Plaintiffs accepted those offers." Id. However, the FAC does not allege these facts. Beyond the allegations stated above, Plaintiffs do not allege any facts to support their contention that Defendants offered and Plaintiffs accepted employment.

The Court recognizes that whether an employer has offered and an employee has accepted a job is not necessarily dispositive in determining if an individual is an employee under the California Labor Code. But, Plaintiffs cannot defeat a motion to dismiss by relying on facts they have not alleged in their FAC. See Karoun Dairies, Inc. v. Karoun Dairies, Inc., No. 08CV1521-L WVG, 2010 WL 3633109, at *8 (S.D. Cal. Sept. 13, 2010) ("[W]hen ruling on a motion to dismiss, [the court] must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint.").

Because Plaintiffs' argument relies on facts that they did not allege in the FAC, the Court grants Defendants' motion to strike for this reason alone. The Court need not address Gunawan v. Howroyd-Wright Employment Agency, 997 F. Supp. 2d 1058 (C.D. Cal. 2014) and Defendants other arguments at this time. Amendment does not appear futile here, so the Court grants Plaintiffs leave to amend. See Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford, No. 1:11-CV-00828 AWI, 2011

7

WL 5825691, at *11 (E.D. Cal. Nov. 17, 2011) ("[F]acts raised in opposition papers may not defeat a motion to dismiss, but may be considered by the court to determine whether dismissal should be with or without prejudice.").

        3. <u>Motions to Strike Allegations of Miscalculation of Meal and Rest Period Premiums</u>

Plaintiffs allege Defendants did not permit Plaintiffs to take their meal and rest breaks and did not pay them premiums for missed meal or rest breaks. FAC ¶¶ 82, 83, 90, 91. Plaintiffs also allege that when Defendants did pay premiums for missed rest and meal periods, they did not pay Plaintiffs at the correct rate of pay because Defendants did not include "commissions, incentive pay, and/or nondiscretionary bonuses in the regular ray of pay." FAC ¶¶ 85, 91.

California Labor Code Section 226.7 states:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's **regular rate of compensation** for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code § 226.7(c) (emphasis added). By comparison, California Labor Code Section 510 states:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the **regular rate of pay** for an employee.

Cal. Lab. Code § 510(a) (emphasis added).

8

The "regular rate of pay" under Section 510 includes "all remuneration for employment paid to, or on behalf of, the employee." Alonzo v. Maximus, Inc., 832 F. Supp. 2d 1122, 1130 (C.D. Cal. 2011). Thus, when an employer calculates 1.5 times an employee's regular rate of pay to pay overtime, the employer must include bonuses, commissions, or any other income not subject to an exception in that calculation.

Plaintiffs argue the Court should interpret "regular rate of compensation" in Section 226.7 in the same way other courts have interpreted "regular rate of pay" in Section 510. Opp'n at 6. Defendants contend "regular rate of compensation" is not synonymous with "regular rate of pay" and includes only an employee's base pay rate, and no other forms of compensation. Mot. at 11.

Federal district courts disagree, and the Ninth Circuit has not spoken on this specific issue. Studley v. Alliance Healthcare Services, Inc., 2012 WL 12286522, at *1 (C.D. Cal. Jul. 26, 2012) held that "regular rate of compensation" means the same as "regular rate of pay." Studley, 2012 WL 12286522, at *4. The Studley court reasoned that

> Because the compensation provided in Section 226.7(b) "is not a penalty, but a form of 'premium wage' paid to employees to compensate them for an adverse condition they have encountered during their work hours," it "is akin to overtime pay, which is another form of premium pay." Naranjo v. Spectrum Sec. Servs., Inc., 172 Cal. App. 4th 654, 666 (2009). This statute uses the same language "regular rate" employed for other premium pay rates, such as overtime. Alliance has failed to present any authority or persuasive argument for why, in the face of the plain language of the statute, it ought to be interpreted differently from other California Labor Code provisions employing the same language. In light of the use of this identical language, and the absence of

9

>     any authority indicating that the phrase "regular
>     rate" ought to be used differently in Section 226.7
>     than in Section 510, the Court concludes that the
>     "regular rate of compensation" owed is the same as the
>     "regular rate of pay" as stated in Section 510 and
>     calculated according to the FLSA, and not the base
>     rate of pay.

Id.

Another district court, in contrast, held that "regular rate of pay" and "regular rate of compensation" are not synonymous. Wert v. Bancorp, 2015 WL 3617165, at *3 (S.D. Cal. Jun. 9, 2015). The Wert court reasoned that:

>     In the absence of legal authority stating that
>     § 226.7's "regular rate of compensation" language is
>     the same as § 510's "regular rate of pay" language,
>     this Court reiterates its previous determination that
>     the legislature's choice of different language is
>     meaningful, and that the relief under § 226.7 is not
>     necessarily or logically the same as the relief under
>     § 510 insofar as the "regular rate" language is
>     involved.

Id. Wert also stated that "the Court does not find Studley's reasoning persuasive and declines to follow it." Id. at *3 n.3. The Wert court relied on Bradescu v. Hillstone Rest. Grp., Inc., No. SACV 13-1289-GW RZX, 2014 WL 5312546, at *8 (C.D. Cal. Sept. 18, 2014), which held that no authority supports "the view that 'regular rate of compensation,' for purposes of meal period compensation, is to be interpreted the same way as 'regular rate of pay' is for purposes of overtime compensation." Bradescu, 2014 WL 5312546, at *8. Bradescu emphasized that "the legislature's choice of different language is meaningful." Id.

Defendants argue the Court should reject Studley and rely on Wert and Bradescu. Mot. at 12. Defendants argue "no other court

10

has relied on Studley" for its proposition that "regular rate of compensation" under Section 226.7 is the same as "regular rate of pay" under Section 510. Mot. at 13.

Plaintiffs argue the Court should follow Studley because other California cases use "regular rate of compensation" and "regular rate of pay" interchangeably. Opp'n at 7-9. Plaintiffs cite to Costco Wholesale Corp. v. Superior Court, 47 Cal. 4th 725, at 729 (2009), where the California Supreme Court stated that "Labor Code section 510, subdivision(a) requires payment at . . . the regular rate of compensation . . ." Costco, 47 Cal. 4th at 729 n.1. Section 510 uses "regular rate of pay," but the Costco court, in describing Section 510, used "regular rate of compensation." Id. Plaintiffs argue this demonstrates that the California Supreme Court considers the terms "regular rate of pay" and "regular rate of compensation to be synonymous. Opp'n at 7-8.

Plaintiffs cite two other cases where California appellate courts used "compensation" and "pay" interchangeably. Opp'n at 8. Plaintiffs also cite California Labor Code Section 751.8, which uses "regular rate of compensation" to refer to the rate paid for overtime. Id. (citing Cal. Lab. Code § 751.8(b) ("All work performed in any workday in excess of 12 hours shall be compensated at double the employee's regular *rate of compensation*.") (emphasis added)). The Labor Code's use of "rate of compensation" in Section 751.8 is significant because that section pertains to overtime payments, as does Section 510, which uses "regular rate of pay." Compare Cal. Lab. Code § 751.8(b) *with* Cal. Lab. Code § 510.

11

1    Having carefully considered the arguments presented by the
2 parties, the Court finds Defendants' arguments to be more
3 persuasive.  Plaintiffs' claims on this issue fail to recognize
4 that while the California authorities upon which Plaintiffs rely
5 appear to use "compensation" and "pay" interchangeably, they do
6 not analyze the distinction between the two terms.  Additionally,
7 Studley failed to address the difference in language between
8 "regular rate of compensation" and "regular rate of pay."  See
9 Studley, 2012 WL 12286522 at *4.  The Court cannot ignore the
10 distinction.  "[I]f the legislature carefully employs a term in
11 one statute and deletes it from another, it must be presumed to
12 have acted deliberately." Ferguson v. Workers' Comp. Appeals Bd.,
13 33 Cal. App. 4th 1613, 1621 (1995); see also Keene Corp. v.
14 United States, 508 U.S. 200, 208 (1993) (different terms in the
15 same statute presumed "intentional[]" and "purposeful").  The
16 Court therefore agrees with Defendants and finds the
17 legislature's choice to use the word "compensation" instead of
18 "pay" meaningful in the absence of authority to the contrary.
19 Defendants' motion to strike Plaintiffs' allegations regarding
20 miscalculation of meal and rest break premiums is granted without
21 leave to amend.

22          4.    Motion to Strike Requests for Injunctive Relief
23    In their FAC, Plaintiffs seek "a permanent injunction
24 requiring Defendants to pay all outstanding wages due to
25 Plaintiffs and class members."  FAC ¶ 124.  Plaintiffs also seek
26 "a permanent injunction requiring Defendants to pay all statutory
27 benefits implemented by section 226.7 due to Plaintiffs and class
28 members."  FAC ¶ 130.

Defendants argue Plaintiffs lack standing to seek injunctive relief because they no longer work for Defendants. Mot. at 14. Plaintiffs respond that the limitation on injunctive relief for former employees "does not apply to cases, like this one, where plaintiffs only seek outstanding wages on behalf of current and former employees." Opp'n at 2. Defendants do not respond to Plaintiffs' argument regarding their ability to seek injunctive relief to require Defendants to pay outstanding unpaid wages.

Former employees do not have standing to "seek prospective injunctive relief on behalf of a putative class containing both former and current employees." Miranda v. Coach, Inc., No. 14-CV-02031-JD, 2015 WL 636373, at *3 (N.D. Cal. Feb. 13, 2015). Plaintiffs here do not have standing to enjoin future employment practices. See Guerrero v. Halliburton Energy Servs., Inc., No. 1:16-CV-1300-LJO-JLT, 2017 WL 1255777, at *9 (E.D. Cal. Feb. 3, 2017). But Defendants provide no reason or legal authority why Plaintiffs cannot seek recovery of unpaid wages for past violations. The Court therefore denies Defendants' motion to strike Plaintiffs' references to injunctive relief.

III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss and strike portions of the FAC. The Court DENIES Defendants' motion to dismiss the FAC in its entirety and Defendants' motion to strike Plaintiffs' allegations regarding injunctive relief. The Court GRANTS WITH LEAVE TO AMEND Defendants' motion to strike Plaintiffs' allegations regarding reimbursement for drug testing

and GRANTS WITH PREJUDICE Defendants' motion to strike Plaintiffs' references in the FAC to the alleged failure to pay rest period premiums based upon the "regular rate of pay" as that term is used for purposes of paying overtime compensation. Plaintiffs must file their second amended complaint within twenty days of the date of this Order.  Defendants must file their responsive pleadings within twenty days thereafter.

    IT IS SO ORDERED.

Dated: June 16, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE