UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM and MICHAEL CAMERO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC., a Maryland corporation; ALLEGIS GROUP, INC., a Maryland corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-241-JAM-EFB<br><br>ORDER |

Plaintiffs Jennifer Brum and Michael Camero move to compel defendants MarketSource, Inc. and Allegis Group, Inc. to provide responses to plaintiffs' request for production of documents and interrogatories. ECF Nos. 26, 27. Their motions are noticed for hearing on February 7, 2018. *Id*. As explained below, the motions are denied without prejudice for failure to adequately meet and confer.

Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of

1

the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.* Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Upon review of the parties' joint statements regarding the discovery disagreement, it is apparent that the parties have not satisfied that meet and confer requirements imposed by the court's Local Rules and the Federal Rules of Civil Procedure. Plaintiffs' counsel, Johnathan Lebe provides that the parties discussed the instant dispute over the phone on July 14, 2017, but no resolution was reached at that time. Decl. of Jonathan Lebe (ECF No. 29-1) ¶ 5. On October 11, 2017, Kevin Sullivan, counsel for defendants, emailed plaintiffs' counsel and requested the parties "set up a time next week to discuss" the discovery disputes. ECF No. 31-1 at 2. Plaintiffs' counsel, however, never responded to that request. Instead, Mr. Lebe filed the instant motions without responding to defendants' request to meet and confer.

Moreover, the arguments raised in the parties' joint statements demonstrate that the parties have not made a good faith effort to resolve their disputes without court intervention. For example, plaintiffs contend that defendant Allegis completely failed to respond to 10 interrogatories. ECF No. 29 at 229-239. Accordingly, plaintiffs seek to compel Allegis to provide responses to these interrogatories. However, Allegis has submitted evidence showing that it served response to plaintiffs' interrogatories on May 19, 2017. ECF No. 31-2. The dispute over these interrogatories, as well as many of the parties' others disputes, could have easily been resolved prior to the filing of the joint statement had the parties had a meaningful discussion in person or telephonically.

Accordingly, plaintiffs' motions to compel (ECF Nos. 26, 27) are denied without prejudice, and the February 7, 2018 hearing thereon is vacated. *See* E.D. Cal. L.R. 251(b). The parties are directed to meet and confer either telephonically or in person in an effort to resolve

their dispute without court intervention.  If such meet and confer efforts do not resolve the discovery dispute, plaintiffs may re-notice the motions to compel for hearing.

DATED:  February 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE