UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Brum, et al., | No. 2:17-cv-00241-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| MarketSource, Inc., et al., | |
| Defendants. | |

The defendants move to dismiss for lack of prosecution under Federal Rule of Civil Procedure 41(b) and move to strike plaintiffs' class allegations in the alternative. Mot., ECF No. 64. The motion is fully briefed and was submitted without argument. *See* Opp'n, ECF No. 65; Reply, ECF No. 66; Min. Order, ECF No. 67.

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020).

The defendants argue the plaintiffs abandoned this case for many months, if not years. *See* Mot. at 10–11. A lengthy delay such as this might be "unreasonable" in some cases, but the

1

court cannot reach that conclusion in this one.  No Rule 16 scheduling order appears to have been issued during the relevant period.  The previously assigned district judge also recently discharged an order to show cause why this case should not be dismissed for lack of prosecution.  *See* Min. Order, ECF No. 62.  Granting the defendants' motion would amount to reconsidering that decision, and the defendants have not established that reconsideration is appropriate.  *Cf. Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995) ("[T]he court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice.").  Dismissal would be an unduly harsh sanction in these circumstances.

The court also denies the defendants' alternative request to strike the plaintiffs' class allegations.  These allegations may be tested without delay on their merits in the now-pending motion for certification, ECF No. 70, and the court can mitigate any prejudice of delays by setting an appropriate pretrial schedule, *see* Min. Order, ECF No. 68 (setting a status (pretrial scheduling) conference).

The motion to dismiss (ECF No. 64) is **denied**.

IT IS SO ORDERED.

DATED: June 21, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE