UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM, et al., | No. 2:17-cv-00241-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFFS' MOTION TO STRIKE, AND DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| MARKETSOURCE, INC., et al., | |
| Defendants. | |
| | (Doc. Nos. 70, 93, 126) |

Plaintiffs Jennifer Brum and Michael Camero are individuals bringing this putative class action against defendants MarketSource, Inc. and Allegis Group, Inc. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 14, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiffs' motion for class certification (Doc. No. 70) be denied and that plaintiffs' motion to strike the declaration of an expert offered by defendants in support of their opposition to plaintiffs' motion for class certification (Doc. No. 93) be denied as moot. (Doc. No. 126.) Specifically, the magistrate judge concluded that plaintiffs, who did not sign arbitration agreements with defendants, cannot represent a class primarily composed of individuals who did sign such arbitration agreements. (*Id.* at 6–8.) The magistrate judge further concluded that

1  because all but one of plaintiffs' proposed subclasses consisted mostly of individuals who signed
2  an arbitration agreement, plaintiffs' motion for class certification should be denied as to those
3  proposed subclasses.  (*Id.*)  As to the one remaining subclass, the magistrate judge concluded that
4  plaintiffs failed to satisfy Rule 23's numerosity requirement because plaintiffs' expert based his
5  estimation of the subclass size on a faulty assumption.  (*Id.* at 9–10.)  The magistrate judge also
6  concluded that plaintiffs' motion to strike should be denied as moot because the court did not rely
7  on the challenged expert's opinion in denying plaintiffs' motion for class certification.  (*Id.* at 4.)

8      At the outset, the court notes that the parties have raised many evidentiary objections in
9  connection with the pending motions.  (*See* Doc. Nos. 77-3, 77-4, 77-5, 77-6, 77-7, 77-8, 94-3,
10 94-4, 100, 113); *see also Olean v. Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods*
11 *LLC*, 31 F.4th 651, 665 (9th Cir. 2022) ("In carrying the burden of proving facts necessary for
12 certifying a class under Rule 23(b)(3), plaintiffs may use any admissible evidence."); *Sali v.*
13 *Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1003 (9th Cir. 2018) ("At this preliminary stage [of a
14 motion for class certification], a district court may not decline to consider evidence solely on the
15 basis that the evidence is inadmissible at trial.").  As relevant to resolution of the pending
16 motions, plaintiff objects to ¶¶ 4, 7, 30, 34, 50, and 52 of Melissa Wiley's declaration (*see* Doc.
17 No. 77-18 at 2–3, 11–12) ("the Wiley Declaration").  (Doc. No. 94-3 at 3–8.)  As their grounds
18 for objection, plaintiffs write only "Speculative, lacks foundation, lacks personal knowledge,
19 assumes facts (FRE 602)[;] Inadmissible hearsay (FRE 802) [;] Best evidence rule (FRE 1002)"
20 for each challenged paragraph of the declaration without further explanation.  (*Id.*)[1]  These
21 objections are universally meritless.  The magistrate judge was therefore correct to rely on ¶¶ 4, 7,
22 30, 34, 50, and 52 of the Wiley Declaration in issuing the pending findings and recommendations.

23     The pending findings and recommendations were served on the parties and contained
24 notice that any objections thereto were to be filed within fourteen (14) days after service.  (Doc.
25 No. 126 at 10.)  Plaintiffs filed their objections on March 28, 2024.  (Doc. No. 127.)  In those
26 objections, plaintiffs first argue that the court should decline to adopt the magistrate judge's

---

[1] Plaintiffs also object that ¶ 4 of the Wiley Declaration calls for a legal conclusion.

recommendation that class certification should be denied for seven out of the eight proposed subclasses on the basis that those subclasses mostly include employees who purportedly executed arbitration agreements. (*Id*. at 6.) Plaintiffs argue that defendants have not properly invoked the arbitration agreements, that the arbitration agreements are unenforceable, and that even if the agreements were enforceable, the court should exclude those individuals affected rather than deny class certification. (*Id*. at 8–15.)

As to defendants' invocation of the arbitration agreements, plaintiffs argue that defendants were required to provide copies of the arbitration agreements, bring a motion to compel arbitration, and/or provide evidence beyond a declaration to demonstrate that class members are subject to a valid, written arbitration agreement. (*Id*. at 10.) However, to support the argument that these actions indeed constitute defendants' "required burden" here, plaintiff relies only on one case of a very different posture. *Id.* at 11; *see Freitas v. Cricket Wireless, LLC*, No. 19-cv-07270-WHA, 2021 WL 5987138, at *3 (N.D. Cal. Dec. 17, 2021) (describing the necessary supporting evidence that the defendant must submit with its motion to compel arbitration for class members it sought to exclude from the class following the class certification order). Plaintiffs have advanced no argument that defendants have failed to carry a burden applicable to defendants in opposing plaintiffs' motion for class certification. This objection, therefore, provides no basis upon which to reject the pending findings and recommendations.

As to plaintiffs' objection that the arbitration agreements are unenforceable, the magistrate judge has already explained in the findings and recommendations why this argument is unavailing. (Doc. No. 126 at 8) ("Plaintiffs, however, are not subject to the arbitration agreement and therefore lack standing to challenge its enforceability."). In arguing that the arbitration agreement constituted an improper communication with putative class members, plaintiffs rely on legal authority distinguishable on this same ground. *See Balasanyan v. Nordstrom, Inc.*, No. 10-cv-02671-JM-WMC, 2012 WL 760566, at *2 (S.D. Cal. Mar. 8, 2012) ("Plaintiff Balasanyan signed the acknowledgment on August 31, 2011."); *Jimenez v. Menzies Aviation Inc*, No. 15-cv-02392-WHO, 2015 WL 4914727, at *1 (N.D. Cal. Aug. 17, 2015) ("On October 28, 2011, Mijos [the class representative] signed onto the ADR Policy."). The undersigned agrees with the

1    magistrate judge's analysis set forth in the pending findings and recommendations and with the
2    ample supporting legal authority which demonstrates plaintiffs' lack of standing to challenge
3    enforceability.  (Doc. No. 126 at 8.)
4        Plaintiffs also object to the magistrate judge's recommendation that class certification be
5    denied at this point, rather than granted subject to the exclusion of individuals who executed
6    enforceable arbitration agreements.  (Doc. No. 127 at 7–8.)  However, seemingly in support of
7    this objection, plaintiffs point to cases in which district courts did not grant class certification and
8    thus did not take the course of action that plaintiffs ask this court to take.  *Id*. at 8–9 (citing
9    *Cornejo v. Big Lots Stores, Inc.*, No. 2:22-cv-01247-MCE-DB, 2023 WL 3737058, at *3–4 (E.D.
10   Cal. May 31, 2023) (granting the defendant's motion to deny class certification because "based
11   on the currently defined class" the plaintiff "is not an adequate representative and [her] claims
12   lack typicality with respect to putative Rule 23 [class members] who have signed arbitration
13   agreements"); *Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS-JDE, 2021 WL
14   811856, at *3, 6 (C.D. Cal. Feb. 9, 2021) (denying the plaintiffs' motion for class certification
15   because "neither Plaintiff Ganz nor Fearn have agreed to arbitrate their claims, but they seek to
16   represent a class composed mostly of residents who have signed arbitration agreements")).  Thus,
17   the court is not convinced that it is appropriate to grant plaintiffs' motion for class certification
18   subject to the later exclusion of class members.  Plaintiffs' objections have failed to persuade the
19   court to reject the pending findings and recommendations as to the seven subclasses in which
20   defendants have proffered evidence that a majority of the proposed class members have signed
21   arbitration agreements.
22       Plaintiffs also argue that the court should certify plaintiffs' remaining class, the Overtime
23   Rate Class.  (Doc. No. 127 at 15.)  They posit that plaintiffs' expert opinion, found unreliable by
24   the magistrate judge, was based on evidence in the record before the court.  (*Id*. at 15–16.)  They
25   also argue that defendants did not offer evidence that the numerosity requirement is not met, and
26   that any doubts should be resolved in favor of class certification.  (*Id*. at 16.)
27       However, as the magistrate judge explained, plaintiffs' expert opined about the size of the
28   Overtime Rate Class based on his review of sample wage statements, assuming that incentive

payments were earned in the same period that they were made. (Doc. No. 126 at 9–10.) He conceded that his opinion would change if this assumption were incorrect. (*Id*. at 10.) Other evidence before the court indicates that this assumption is indeed incorrect. (*Id*.) Plaintiffs argue that their expert did not "blindly assume what period bonuses were earned in," and instead this assumption was "supported by substantial evidence." (Doc. No. 127 at 16–17.) However, this argument does not address the directly contrary evidence in the record or assuage the court's concerns regarding the reliability of plaintiffs' expert's opinion despite it being based upon an incorrect assumption. Further, the court does not find compelling plaintiffs' objection that defendants should have provided their own evidence as to numerosity in response to plaintiffs' motion. Finally, plaintiffs argue that "doubts regarding the propriety of class certification should be resolved in favor of certification," but this is a statement regarding the heavy burden on a party seeking decertification to establish that Rule 23 is not satisfied. *Id*. at 18 (citing *Rosales v. El Rancho Farms,* No. 1:09-cv-00707-AWI, 2014 WL 321159, at *4 (E.D. Cal. Jan. 29, 2014)). Thus, this standard is inapplicable here since plaintiffs' Overtime Rate Class has not been certified, and again provides no basis upon which to reject the pending findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

      Accordingly:

1. The findings and recommendations issued on March 14, 2024 (Doc. No. 126) are adopted;
2. Plaintiffs' motion for class certification (Doc. No. 70) is denied, without prejudice to its renewal;
3. Plaintiffs' motion to strike (Doc. No. 93) is denied; and
4. The previously assigned district judge vacated the initial pretrial scheduling conference due to the pending motion for class certification (*see* Doc. Nos. 68, 76). Now that plaintiffs' motion for class certification is resolved, the court resets an

initial pretrial scheduling conference for May 14, 2024 at 1:30 p.m.  The parties are directed to file their joint status report regarding scheduling no later than April 30, 2024.

    IT IS SO ORDERED.

Dated:  **March 29, 2024**  
                        DALE A. DROZD  
                        UNITED STATES DISTRICT JUDGE