UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM, et al., | No. 2:17-cv-00241-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE AND TO SUSPEND DEADLINES |
| MARKETSOURCE, INC., et al., | |
| Defendants. | (Doc. Nos. 148, 149) |

On June 30, 2025, plaintiffs filed their renewed motion for class certification. (Doc. No. 147.) On July 3, 2025, defendants filed a motion to strike plaintiffs' renewed motion for class certification, arguing that in their renewed motion plaintiff failed to meet the standard applicable to motions for reconsideration. (Doc. No. 148-1.) Defendants also filed a motion seeking to suspend the briefing schedule in connection with plaintiffs' renewed motion for class certification until resolution of defendants' motion to strike. (Doc. No. 149.) On July 8, 2025, plaintiffs filed an opposition to defendants' motion to strike, arguing that because the court explicitly granted plaintiffs the right to file a renewed motion for class certification, plaintiffs are not required to meet the standard applicable to motions for reconsideration. (Doc. No. 150.)

In the court's order resolving plaintiffs' initial motion for class certification, the court specifically stated that plaintiffs' motion was "denied, without prejudice to its renewal." (Doc.

1

No. 128 at 5.)  In the parties' later-filed status report regarding scheduling, defendants raised the argument that plaintiffs should be limited from filing a renewed motion based on arguments or evidence that could reasonably have been raised earlier.  (Doc. No. 129 at 5.)  When the court issued its scheduling order, the undersigned repeated that "plaintiffs are not precluded from filing a renewed motion for class certification" and rejected defendants' argument, holding that the standard "pertain[ing] to a motion for reconsideration [] is not applicable to plaintiffs' anticipated class certification motion."  (Doc. No. 130 at 4 n.3.)

The undersigned acknowledges that while the Ninth Circuit has "not yet ruled on a specific standard for review of serial motions for class certification," some district judges have applied the reconsideration standard to avoid "waste [of] judicial resources and unnecessarily protract[ed] litigation."  *Stemmelin v. Matterport, Inc.*, No. 20-cv-04168 WHA, 2022 WL 4843089, at *1–2 (N.D. Cal. Oct. 3, 2022); *see also Ward v. Sutter Valley Hosps.*, No. 2:19-cv-00581-KJM-AC, 2023 WL 1824198, at *3 (E.D. Cal. Jan. 11, 2023) (explaining that some district courts apply the reconsideration standard out of "reluctan[ce] to allow parties to have a second bite at the apple on class certification in order to incentivize parties to put their best foot forward at the outset and avoid costly delays to the proceedings").  However, the court reaffirms that it does not find the application of the reconsideration to be appropriate here.  In this case the court explicitly granted plaintiffs leave to renew their motion for class certification and plaintiffs timely filed their renewed motion under the court's scheduling order.  These events distinguish this case from those which defendants analogize to, where district courts have denied parties leave to file renewed motions for class certification or have applied the reconsideration standard to untimely filed motions.  (*See* Doc. No. 148-1 at 6–10) (citing *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, No. 2:16-cv-01211-WBS-AC, 2019 WL 3244487, at *2 (E.D. Cal. Apr. 17, 2019) (denying the plaintiff's request for leave to file a renewed motion for class certification); *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00035-VAP-KS, 2020 WL 7314794, at *2 (C.D. Cal. Nov. 30, 2020) (denying the plaintiffs' request for "leave to file a renewed motion for class certification well beyond the September 13, 2019 deadline imposed by the Court"); *Markson v. CRST Int'l, Inc.*, No. 5:17-cv-01261-SB-SP, 2022 WL 1585754, at *1 (C.D.

1  Cal. Apr. 6, 2022) (denying the plaintiffs' motion to modify the court's class certification order
2  after "[t]he deadline for class certification motions has long passed"); *Stemmelin*, 2022 WL
3  4843089, at 2 (granting the defendants' motion to strike the plaintiff's "belated" second class
4  certification motion, which was filed "two months after the June 2022 deadline for dispositive
5  motions"); *Ward*, 2023 WL 1824198, at *1 (granting the defendant's motion to strike the
6  plaintiffs' renewed motions for class and collective certification, which were filed after the
7  deadline "[u]nder the scheduling order governing this case" "without leave of court")).

8  Accordingly, the court hereby DENIES defendants' motion to strike (Doc. No. 148)
9  plaintiffs' renewed motion for class certification for failure to adhere to the standard for a motion
10 for reconsideration.  The court also therefore DENIES defendants' motion to suspend deadlines
11 (Doc. No. 149) pending resolution of the motion to strike as having been rendered moot by this
12 order.  However, it appears that plaintiffs' renewed motion for class certification does not comply
13 with the court's standing order, which requires that "[p]rior to filing a motion in a case in which
14 the parties are represented by counsel, counsel shall engage in a prefiling meet and confer to
15 discuss thoroughly the substance of the contemplated motion and any potential resolution" and a
16 "notice of motion shall contain a certification by counsel filing the motion that meet and confer
17 efforts have been exhausted, with a very brief summary of meet and confer efforts."  (Doc. No. 80
18 at 2); (*see* Doc. No. 147 at 4) (suggesting that plaintiffs' counsel only met and conferred with
19 defendants' counsel before filing their initial motion for class certification); (Doc. No. 149 at 4)
20 ("Plaintiffs' counsel did not meet and confer with Defendants' counsel before Plaintiffs filed their
21 renewed motion at 11:37 p.m. on the June 30, 2025 deadline.").  Accordingly, plaintiffs are
22 ordered to comply with the court's requirement by filing a certification within ten days of the date
23 of entry of this order indicating whether any aspects of their renewed motion can be narrowed or
24 withdrawn following counsels' meet and confer efforts.  Defendants shall have fourteen days
25 /////
26 /////
27 /////
28 /////

3

1  following the filing of plaintiffs' certification to file any opposition to plaintiffs' renewed motion
2  for class certification.  Plaintiffs shall have seven days thereafter to file any reply.
3      IT IS SO ORDERED.
4  Dated:   **July 10, 2025**                                  *Dale A. Drozd*
5                                                                          DALE A. DROZD
                                                                            UNITED STATES DISTRICT JUDGE

4