UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM, et al., | No. 2:17-cv-00241-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT ALLEGIS GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT |
| MARKETSOURCE, INC., et al., | |
| Defendants. | (Doc. No. 140) |

This matter is before the court on defendant Allegis Group, Inc.'s ("defendant Allegis") motion for summary judgment in its favor. (Doc. No. 140.) On April 29, 2025, the pending motion was taken under submission pursuant to Local Rule 230(g). (Doc. No. 145.) For the reasons explained below, defendant's motion for summary judgment will be granted.

## BACKGROUND

This is a wage and hour suit stemming from various alleged state labor law violations by defendants. (Doc. No. 16.) Plaintiffs Jennifer Brum and Michael Camero worked at various Target store locations and allege that they were jointly employed by defendants. (*Id.* at ¶¶ 3–6.)

/////
/////
/////
/////

1

### A. Factual Background[1]

Plaintiffs Brum and Camero were employed by defendant MarketSource Holdings, LLC ("defendant Marketsource") during the periods alleged in the second amended complaint ("SAC"). (SUF at ¶¶ 6–7, 26–28.) Defendant Allegis is the parent company of defendant MarketSource. (*Id.* at ¶ 1.) During plaintiffs' employment, neither plaintiff performed "any services of any kind" for defendant Allegis, were not supervised by any employee of defendant Allegis, were not given work directions, discipline, or evaluation by any employee of defendant Allegis, and were not paid wages by defendant Allegis. (SUF at ¶¶ 10–21, 29–43.)

### B. Procedural Background

On July 7, 2017, plaintiffs filed their SAC in this action asserting the following nine state law claims against defendants: (1) failure to pay overtime in violation of California Labor Code §§ 510, 1198; (2) failure to pay minimum wages in violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, 1198; (3) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512(a), 1198; (4) failure to provide rest periods in violation of California Labor Code §§ 226.7, 1198; (5) failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226(a), 1174(d), 1198; (6) failure to timely pay wages at termination in violation of California Labor Code §§ 201, 202, 203; (7) failure to reimburse business expenses in violation of California Labor Code § 2802; (8) violation of the unlawful prong of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*.; and (9) violation of the unfair prong of the UCL. (Doc. No. 16 at ¶¶ 48–133.) On April 9, 2025, defendant Allegis filed the pending motion seeking summary judgment in its favor as to all of plaintiff's claims. (Doc. No. 140.) On April 24, 2025, plaintiffs filed a

/////

---

[1] The relevant facts that follow are derived from defendant Allegis Group, Inc.'s statement of undisputed facts ("SUF"). (Doc. No. 140-4.) In their statement of non-opposition to the pending motion, plaintiffs do not admit or dispute any of the facts defendant proffered. (Doc. No. 144 at 4.) Due to plaintiffs' statement of non-opposition to the pending motion, the facts in this section are treated as undisputed for purposes of resolution of the pending motion. *See* Fed. R. Civ. P. 56(e) ("If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion[.]").

statement of non-opposition to the pending motion. (Doc. No. 144.) On May 5, 2025, defendant Allegis filed its reply. (Doc. No. 146.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). If the moving party will bear the burden of proof on an issue at trial, "the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87 (citations omitted).

4

**DISCUSSION**

Defendant Allegis argues that it was not the joint employer of plaintiffs and accordingly is not liable for any wage and hour violations committed by the plaintiffs' employer. (Doc. No. 140 at 12.) "To impose liability for violations of the Labor Code, the plaintiffs must show that [the defendant] is an employer as defined in the [Industrial Welfare Commission ("IWC")] wage order." *Mattei v. Corp. Mgmt. Sols., Inc.*, 52 Cal. App. 5th 116, 122–23 (2020) (citing *Martinez v. Combs*, 49 Cal. 4th 35 (2010)). "[T]he California Supreme Court has provided three alternative definitions for what it means for a person or entity to 'employ[]' someone: '(a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law relationship." *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029 (9th Cir. 2019) (emphasis omitted) (quoting *Martinez*, 49 Cal. 4th at 109).

First, defendant Allegis argues that it did not exercise control over plaintiffs' wages, hours, or working conditions and therefore was not plaintiffs' employer under the first prong of the relevant definition. (Doc. No. 140 at 12–13.) The undisputed facts, as noted above, demonstrate that defendant Allegis neither paid plaintiffs nor directed plaintiffs to complete specific job-related tasks. Accordingly, defendant has shown that there is no genuine dispute of material fact that it did not exercise control over the wages, hours, or working conditions of plaintiffs. *See Gutierrez v. New Hope Harvesting, LLC*, No. 2:19-cv-07077-FWS-AFM, 2022 WL 17217440, at *16 (C.D. Cal. Sept. 21, 2022) (finding that the defendant did not exercise sufficient control over the plaintiff's employment where another entity "retained and exercised the right to hire, fire, pay, discipline, and supervise . . . without Defendant's direct involvement"); *Salazar*, 944 F.3d at 1029–30 (holding that the district court did not err in finding that the defendant did not control the plaintiffs' wages, hours, or working conditions where the defendant did not have a general right of control over day-to-day aspects of their employment).

Second, defendant Allegis argues that it did not "suffer or permit" plaintiffs to work. (Doc. No. 140 at 13–14.) Here, plaintiffs have alleged that defendant Allegis is a joint employer of plaintiffs. (Doc. No. 16 at ¶ 13.) Accordingly, the appropriate inquiry is whether defendant Allegis knew that plaintiffs were providing work for it and failed to prevent that work from

occurring. *Martinez*, 49 Cal. 4th at 70 ("However, the concept of a benefit is neither a necessary nor a sufficient condition for liability under the 'suffer or permit' standard. Instead, as we have explained, the basis of liability is the defendant's knowledge of and failure to prevent the work from occurring.") (emphasis removed); *see generally Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459, 473 (9th Cir. 2023) (holding that the alternative "ABC test" used to define "suffer or permit" in the independent contractor context does not extend to the joint employment context). As stated above, the undisputed facts before the court on summary judgment demonstrate that plaintiffs did not perform work for defendant Allegis nor did defendant Allegis exercise control over the day-to-day work activities of plaintiffs. (SUF at ¶¶ 10, 12–14 (plaintiff Brum did not perform services for defendant Allegis and defendant Allegis did not supervise, discipline, or direct plaintiff Brum), ¶¶ 31, 33–35 (same as to plaintiff Camero).) Therefore, defendant Allegis has met its burden on summary judgment of showing that it did not suffer or permit plaintiffs to work. *See Gutierrez*, 2022 WL 17217440, at *17 (finding that an entity which did not exercise day-to-day supervision of the plaintiffs did not fail to prevent work from occurring and therefore did not suffer or permit the plaintiffs to work); *see also Salazar*, 944 F.3d at 1031 (finding that the defendant corporation did not suffer or permit the plaintiffs to work where the defendant corporation did not have the power to prevent the plaintiffs from working nor the exclusive power to hire, fire, or control the day-to-day work activities of the plaintiffs).

Finally, defendant Allegis argues that it has not "engaged" plaintiffs as employees. (Doc. No. 140 at 15.) "*Martinez* held that 'to engage' means to create a common law employment relationship." *Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1235 (N.D. Cal. 2015) (quoting *Martinez*, 49 Cal. 4th at 64). "Under the common law, the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Mattei*, 52 Cal. App. 5th at 124 (internal quotation marks and brackets omitted). Again, the undisputed evidence before the court on summary judgment establish that defendant Allegis did not direct, supervise, or discipline plaintiffs. Accordingly, defendant Allegis has met its burden on summary judgment to show that it did not engage plaintiffs as employees. *See Gutierrez*, 2022 WL 17217440, at *18

6

(finding that the defendant did not engage the plaintiffs where the defendant did not exercise any control over the plaintiffs' manner and means of work); *see also Futrell v. Payday Cal., Inc.*, 190 Cal. App. 4th 1419, 1435 (2010) (finding that the defendant did not engage the plaintiff as an employee where the defendant neither paid the plaintiff nor supervised, directed, or otherwise controlled the plaintiff's working activities); *Ochoa*, 133 F. Supp. 3d at 1239 (finding that the defendant did not engage the plaintiffs as employees where the defendant only made recommendations regarding disciplinary actions but did not exercise direct control over the plaintiffs).

Based upon the undisputed facts before it on summary judgment, the court finds that defendant Allegis has shown that there is no genuine dispute of material fact that it is not a joint employer of plaintiffs. Therefore, the court will grant defendant Allegis' motion for summary judgment in its favor as to plaintiffs' first through seventh claims brought pursuant to the California Labor Code.

Defendant Allegis states that it is "entitled to summary judgment on all claims" but does not explicitly address plaintiffs' eighth and ninth claims brought pursuant to the UCL. (Doc. Nos. 16 at ¶¶ 117–133; 140 at 9.) The court observes that those UCL claims, as alleged, are purely derivative of plaintiffs' wage and hour claims. (*See* Doc. No. 16 at ¶¶ 121 (alleging a violation of the UCL's unlawful prong on the basis of other pled violations of California Labor Code), 131 (alleging a violation of the UCL's unfair prong on the basis of another pled violation of California Labor Code § 226.7)); *see also Mayen v. W.M. Bolthouse Farms, Inc.*, No. 1:21-cv-00318-DAD-BAK (EPG), 2022 WL 3567191, at *6 n.8 (E.D. Cal. Aug. 18, 2022) (dismissing a UCL claim that was based upon alleged violations of California Labor Code where the plaintiff's wage and hour claims were dismissed for failure to allege a joint employer relationship); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 961 (N.D. Cal. 2016) (noting that, while not always the case, "liability under the UCL is generally derivative of liability under another statutory violation"). Accordingly, because the court has already concluded that there is no genuine dispute of material fact as to whether defendant Allegis was plaintiffs' employer, the court also concludes that defendant Allegis is entitled to summary judgment in its favor as to

7

plaintiffs' derivative UCL claims as well. *See Williams v. Costco Wholesale Corp.*, No. 18-cv-00884-JSW, 2020 WL 13505060, at *3, 6 (N.D. Cal. July 10, 2020) (granting summary judgment for the defendant where the defendant "argue[d] that it is entitled to summary judgment as to all of Plaintiff's claims because it is not a joint employer" and the plaintiff's UCL claim was derivative of failed wage and hour claims).

## CONCLUSION

For the reasons above,

1. Defendant Allegis' motion for summary judgment (Doc. No. 140) is GRANTED;
2. The Clerk of the Court is directed to ENTER judgment in favor of defendant Allegis; and
3. The Clerk of the Court is directed to update the docket to reflect defendant Allegis' termination from this action.

IT IS SO ORDERED.

Dated:  **October 8, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE