THOMPSON COBURN LLP
Michael S. Kun – CSB 208684
Kevin D. Sullivan – CSB 270343
10100 Santa Monica Blvd., Suite 500
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501
mkun@thompsoncoburn.com
kdsullivan@thompsoncoburn.com

Attorneys for Defendant
MARKETSOURCE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM and MICHAEL CAMERO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC., a Maryland corporation; ALLEGIS GROUP; INC., a Maryland corporation; and DOES, 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-00241-DAD-JDP<br><br>Assigned to Hon. Dale A. Drozd<br><br>**DEFENDANT MARKETSOURCE, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE THE TRIAL DATE AND ALL RELATED DEADLINES**<br><br>CTRM:   4<br>JUDGE:   Hon. Dale A. Drozd<br><br>Complaint filed: January 3, 2017<br>Action removed: February 3, 2017<br>First amended complaint filed: March 3, 2017<br>Second amended complaint filed: July 7, 2017<br>Class certification denied: March 29, 2024<br>Final pretrial conference: December 9, 2025<br>Trial: February 9, 2026 |

I.  **INTRODUCTION**

Filed on January 3, 2017, this action has now seen four different Presidential administrations. It is ready for trial as scheduled on February 9, 2026, the trial date set by this Court ***more than 18 months ago*** on May 7, 2024 (Doc. No. 130 at 6:14–15), shortly after the Court denied Plaintiffs' motion for class certification (Doc. No. 128).

There is no question that the parties knew of this trial date. Moreover, in the Scheduling Order that set the February 9, 2026 trial date, the Court expressly stated that the "schedule, once final, shall not be modified except by leave of court upon showing of good cause." (Doc. No. 130. at 6:24–25.) As addressed below, Plaintiffs' lack of diligence does not constitute good cause.

Despite being well aware of the February 2026 trial date, Plaintiffs inexplicably waited ***more than 15 months*** before filing a renewed class certification motion on June 30, 2025 – ***the very last day for filing a motion***. (Doc. No. 147; Doc. No. 130 at 4:11–12.) Of course, had Plaintiffs filed their renewed motion a year earlier, or even nine months earlier, it likely would have been ruled on already. That Plaintiffs inexplicably delayed for more than 15 months before filing their renewed motion, and that the motion remains under submission as a result of their lack of diligence, is no basis for vacating the final pretrial conference set for December 9, 2025 or the trial set for February 9, 2026.

Plaintiffs have failed to show good cause to modify these dates, just as their counsel failed to do under similar circumstances in *York v. Starbucks Corporation*, No. CV 08-07919 GAF (PJWx), 2012 WL 12931739 (C.D. Cal. Sept. 12, 2012), in which Plaintiffs' counsel had moved for reconsideration of the denial of class certification and also sought to vacate a trial date and all pre-trial dates, including the expert deadline which already passed, to conduct a survey of putative class members. *Id*. at *6. Just as the *York* Court found that Plaintiffs' counsel's actions in delays and late request to continue dates and deadlines were inconsistent with the required demonstration of diligence (*id.* at *6–8), the Court here should conclude the same.

This case started as a two-plaintiff case. It is still only a two-plaintiff case. Defendant is entitled to proceed with trial as scheduled in a case that will have been pending for more than ***nine*** years. Plaintiffs' lack of diligence and delay do not warrant a continuance.

## II. STATEMENT OF FACTS

### A. After Plaintiffs Filed This Action *More Than Eight Years Ago*, They Were Repeatedly Put On Notice That They Sought To Represent Arbitration-Bound Individuals.

On January 3, 2017, Plaintiffs filed this action. (Doc. No. 1-1.) After some of Plaintiffs' claims were dismissed (Doc. Nos. 15, 23), Defendant answered Plaintiffs' second amended complaint on November 15, 2017. (Doc. No. 24.) As an affirmative defense, Defendant specifically asserted the fact that the claims for "a portion of the individuals whom Plaintiffs seeks to represent are barred because such individuals are required to arbitrate their claims pursuant to an arbitration agreement they signed with Defendants." (*Id.* at 25:11–16.)

Thereafter, in a discovery dispute in 2018 regarding whether Defendant should be required to produce time and pay records for individuals bound by arbitration agreements, Plaintiffs insisted upon the records of those persons, over Defendant's objections. (Doc. No. 50 at 6:8–26.)

Thus, there can be no question that Plaintiffs and their counsel were well aware that the class they sought to represent included arbitration-bound individuals.

### B. The Court Denied Plaintiffs' Motion For Class Certification *More Than 20 Months Ago*.

Nearly five and one-half years after commencing this action, Plaintiffs finally filed their class certification motion in June 2022. (Doc. No. 70.) Although the Court stated in 2018 that the "issue of whether an individual who signed an arbitration agreement should be excluded from the class will need to be addressed on a motion for class certification" (Doc. No. 50 at 6:23–25), Plaintiffs' original class certification motion completely ignored the issue. That is, Plaintiffs sought to certify a proposed class that disregarded whether any putative class members signed arbitration agreements. (*Compare* Doc. No. 70 at 1:9–11, *with* Doc. No. 147 at 1:9–12.)

On March 14, 2024, Magistrate Judge Jeremy D. Peterson issued findings and recommendations that Plaintiffs' motion for class certification be denied. (Doc. No. 126.) On March 29, 2024, the Court adopted the findings and recommendations, ordering that "Plaintiffs' motion for class certification (Doc. No. 70) is denied, without prejudice to its renewal." (Doc. No. 128 at 5.)

1    One of the bases for the Court denying Plaintiffs' first motion was the fact that the vast majority of putative class members signed arbitration agreements with class action waivers. (Doc. No. 128 at 2–4; Doc. No. 126 at 6–7.) Another basis for the Court denying Plaintiffs' first motion was the fact that Plaintiffs' expert relied upon false assumptions in his analysis with respect to the proposed "Overtime Rate Class." (Doc. No. 128 at 4–5; Doc. No. 126 at 7–10.)

**C.      The Trial And Pretrial Conference Have Been Set For *More Than 18 Months*.**

On May 7, 2024, the Court issued the applicable Scheduling Order, setting a final pretrial conference for December 9, 2025 and trial to commence February 9, 2026. (Doc. No. 130 at 5:25–26, 6:14–15.) The Court also provided the parties the opportunity to object to these dates being scheduled:

> ***This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.*** The schedule, once final, shall not be modified except by leave of court upon showing of good cause.

(Doc. No. 130 at 6:23–24, bold original, italics added.) Plaintiffs did not file any objections to the Scheduling Order.

**D.      When Plaintiffs Finally Filed Their Renewed Class Certification Motion *More Than 15 Months* After The Denial Of Their Original Motion, They Did Not Also Seek To Vacate Or Otherwise Continue The Trial Or Final Pretrial Conference.**

*More than 15 months* after the Court denied Plaintiffs' original class certification motion (Doc. No. 128), Plaintiffs finally filed their renewed class certification motion on June 30, 2025 – ***the last day to file any such motion***. (Doc. No. 147; Doc. No. 130 at 4:11–12.) There was no reason why Plaintiffs could not have filed their renewed motion a year earlier, or even nine months earlier. That is what diligent counsel would have done, knowing the February 2026 trial date. And had they done so, the Court likely would have ruled on that motion already.

In filing their renewed class certification motion, Plaintiffs did not simultaneously seek to vacate or otherwise continue the February 2026 trial or the December 2025 final pretrial conference, despite acknowledging that discovery would need to be re-opened for at least two to three months if certification were granted. (Doc. No. 160-8, ¶ 4.)

1    Plaintiffs' failure to simultaneously move to vacate or otherwise continue trial and the
2 final pretrial conference is not justifiable, particularly considering Plaintiffs were twice informed
3 of the Court's backlog of cases:

> The Eastern District of California's overwhelming caseload has been well publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. . . . This crisis continues to have serious implications for this court and litigants appearing before it. Judge Drozd recently transferred to the Sacramento courthouse and was reassigned cases previously presided over by other district judges there. Unfortunately, the cases reassigned to Judge Drozd came with a substantial backlog of over 100 fully briefed motions, the majority of which have already been submitted for decision.

(Doc. No. 92; *accord* Doc. No. 123.) Indeed, well aware of this issue and of the February 2026 trial date, it appears that Plaintiffs purposefully delayed filing their renewed motion with the expectation of seeking a continuance of the trial at a later date.

### III.  ARGUMENT

#### A.  Plaintiffs Have Failed To Show That *Ex Parte* Relief Is Warranted.

"*Ex parte* relief is rarely justified." *Wright v. Old Gringo, Inc.*, No. 17-cv-1996-BAS-MS, 2020 WL 80492, at *1 (S.D. Cal. Feb. 18, 2020) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

In their *ex parte* application, Plaintiffs have failed to adequately "address . . . why the regular noticed motion procedures must be bypassed" – that is, the *ex parte* application "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment," and Plaintiffs must also show that they are "without fault in creating the crisis that requires ex parte relief . . . ." *Mission Power*, 883 F. Supp. at 492.

While Plaintiffs argue that a noticed motion might not be heard before the trial date if they were to file one ***now*** (Doc. No. 167 at 6:17–21), they have not explained why they did not file a noticed motion ***earlier*** – they could have filed one weeks ago – or why they did not request a continuance when they filed their renewed class certification motion in June 2025. Moreover, as addressed above and below, Plaintiffs and their counsel created the issues of which they now

complain by needlessly waiting **more than 15 months** to file a renewed motion that could have been filed a year earlier. As the moving party, Plaintiffs must also "show that [their] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power*, 883 F. Supp. at 492. Plaintiffs contend that "*ex parte* relief is appropriate because Plaintiffs and the putative class members will be irreparably harmed if this application to continue the trial date is not granted," but Plaintiffs fail to establish how Plaintiffs *themselves* would be irreparably harmed if trial on their individual claims were to proceed as scheduled. (Doc. No. 167 at 8:3–5.)

Clearly, Plaintiffs would not be harmed as their claims would proceed to trial. And Plaintiffs fail to show how proceeding with trial of their individual claims would somehow harm putative class members, who are not parties to this action.

Plaintiffs note that the "Parties are required to file a joint pretrial statement that identifies the experts, witnesses, and evidence, among other things, that the Parties intend to use at trial," but because "the Court has not ruled on whether this will proceed as a class action or two individual actions," Plaintiffs argue that "the Parties will not be prepared for the pretrial conference, much less for trial." (Doc. No. 167 at 8:8–11.) But Plaintiffs fail to show how they are unable to prepare for trial on their individual claims.[1] Again, this case started as a two-plaintiff case. It is still only a two-plaintiff case.

---

[1] Plaintiffs' refusal to prepare for trial on their individual claims also prevents Defendant from complying with the Scheduling Order, which directed the parties "to file a **joint** pretrial statement, carefully prepared and executed by all counsel, that complies with the requirements of this Local Rule 281 and Judge Drozd's Standing Order." (Doc. No. 130 at 6:5–7 (emphasis original).) Section VII(A) of the Standing Order provides: "**Separate pretrial statements are not permitted unless a party is not represented by counsel.**" (Emphasis original.)

Plaintiffs have also ignored the Scheduling Order's requirement that the "parties [must] participate in a court-supervised settlement conference with a settlement judge before the action may proceed to trial," and at "any time before the final pretrial conference, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference." (Doc. No. 130 at 5:2–8.) Defendant requested that the parties submit such a joint request for a settlement conference (Doc. No. 167-1, Ex. 3), but Plaintiffs ignored Defendant's request (*id.*, Ex. 4).

Plaintiffs' *ex parte* application should be denied for these reasons alone, notwithstanding their failure to show good cause to modify the Scheduling Order.

### B. Plaintiffs Have Not Established Good Cause To Continue Trial Or Any Other Remaining Dates Or Deadlines.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [Citation.] *If that party was not diligent, the inquiry should end.*" *Id.* (emphasis added).

In their application, Plaintiffs have addressed the issue of diligence only in passing (Doc. No. 167 at 6:27–7:1), but they have failed to show they were diligent in filing a renewed motion class certification such that a ruling would be issued sufficiently in advance of the February 2026 trial date.

Again, Plaintiffs have *twice* been expressly informed of this Court's substantial backlog of cases. (Doc. Nos. 92, 123.) To that end, the Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. *Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.* Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (emphasis added). That Plaintiffs delayed filing their renewed class certification motion for more than 15 months, and that the motion remains under submission as a result, is no basis for vacating the final pretrial conference set for December 9, 2025 or the trial set for February 9, 2026.

### C. In Their Renewed Class Certification Motion, Plaintiffs Disputed That Trial Would Need To Be Continued If Certification Were Granted.

In opposing Plaintiffs' renewed class certification motion, Defendant argued that "if certification were granted, discovery would have to be re-opened in order for merits discovery to proceed and for Scott to conduct her proposed survey, which would take at least two to three months." (Doc. No. 160 at 33:5–8, citing Doc. No. 160-8, ¶ 4.) "That, of course, would requiring continuing the trial date." (Doc. No. 160 at 33:8.)

Defendant also explained that this is not the first time Plaintiffs' counsel have attempted this strategy, citing *York v. Starbucks Corporation*, in which Plaintiffs' counsel had moved for reconsideration of the denial of class certification and also sought to vacate a trial date and all pre-trial dates, including the expert deadline which already passed, to **conduct a survey of putative class members**. 2012 WL 12931739, at *6. In concluding that there was no good cause to modify the scheduling order and reopen discovery, the *York* Court noted that Plaintiffs' counsel's actions in delaying work on the survey, belatedly obtaining additional discovery, and making a late request to continue dates and deadlines were inconsistent with the required demonstration of diligence. *Id.* at *6–8. This Court should find the same here.

Realizing that delaying trial weighs against certification, Plaintiffs disputed in their reply brief that trial would need to be continued if class certification were granted, contending that any further discovery that would need to be conducted would be completed "well in advance of the February trial." (Doc. No. 162 at 15:20–27.) Plaintiffs are now taking an entirely different position, seeking to turn their inexplicable delay in filing the renewed motion to their advantage.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' *ex parte* application, and the final pretrial conference and trial dates should remain as scheduled for the last 18 months.

DATED: December 2, 2025

/s/ Kevin D. Sullivan
Michael S. Kun
Kevin D. Sullivan
Attorneys for Defendant
MARKETSOURCE, INC.