UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BRUM, et al., | No. 2:17-cv-00241-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE DEADLINES |
| MARKETSOURCE, INC., et al., | |
| Defendants. | (Doc. No. 167) |

On December 2, 2025, counsel for plaintiffs filed an *ex parte* application to continue the dates for the final pretrial conference currently set for December 8, 2025 and jury trial currently set for February 9, 2026 in this action in light of plaintiffs' pending renewed motion to certify class. (Doc. Nos. 147, 167.) On December 2, 2025, defendant MarketSource, Inc. filed its opposition to the *ex parte* application, arguing that plaintiffs have failed to show that the granting of the requested relief is warranted in this case and that there is no good cause to continue the trial. (Doc. No. 168.)

"In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Jenkins v. City of Los Angeles*, No. 2:24-cv-01056-MWC-AJR, 2025 WL 2019789, at *1 (C.D. Cal. Jan. 6, 2025). "In determining whether

1

1  circumstances constitute excusable neglect, the Supreme Court set forth the following four-factor
2  test in *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*[, 507 U.S.
3  380, 395 (1993)]: 'the danger of prejudice to the debtor, the length of the delay and its potential
4  impact on judicial proceedings, the reason for the delay, including whether it was within the
5  reasonable control of the movant, and whether the movant acted in good faith.'" *Iopa v.*
6  *Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019).

7  Plaintiffs argue that they will be irreparably prejudiced because holding a final pretrial
8  conference prior to the resolution of their pending motion for class certification will improperly
9  limit the scope of the trial in this action.  (Doc. No. 167 at 10.)  Defendant argues that plaintiffs
10  have created this emergency by failing to file a properly noticed motion to modify the scheduling
11  order when they filed their renewed motion for class certification on June 30, 2025, the final day
12  for doing so.  (Doc. No. 168 at 5–7.)  Defendant contends that *ex parte* relief is therefore not now
13  warranted.  (*Id.*)

14  There can be no dispute that plaintiffs will be prejudiced if the final pretrial conference
15  proceeds prior to the court's ruling on the pending motion for class certification.  The court does
16  find that plaintiffs' failure to file a properly-noticed motion to amend the scheduling order when
17  they filed their renewed motion for class certification has certainly contributed to the need for
18  emergency relief now.  By the same token, the court itself is at least to some degree responsible
19  for not recognizing that the pending motion would not be ruled upon in time to proceed as
20  scheduled and in failing to continue the scheduled final pretrial conference and trial dates on its
21  own motion.  Moreover, there is nothing before the court to suggest that defendant would be
22  prejudiced by this delay or that plaintiffs acted in bad faith by waiting to see if the court had
23  issued a ruling on their pending motion for class certification prior to the date set for the final
24  pretrial conference.  In light of this, although plaintiffs' delay in filing the motion has created the
25  crisis, the court finds that this delay was a result of excusable neglect.

26  Defendant next argues that plaintiffs have not established good cause to amend the
27  scheduling order.  (Doc. No. 168 at 7.)  Specifically, defendant contends that plaintiffs have failed
28  to show their diligence in seeking modification of the scheduling order, noting that plaintiffs have

been informed multiple times of the well-known heavy caseload of the Eastern District of California. (*Id.*) "The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

The court concludes for the same reasons that it has found that plaintiffs' delay was a result of excusable neglect, that plaintiffs have shown sufficient diligence in moving to modify the scheduling order at this late date. The court also concludes that, because plaintiffs have shown they would be irreparably prejudiced by the court conducting a final pretrial conference in this action prior to the resolution of their pending motion for class certification, there exists good cause to amend the scheduling order.

For the reasons above,

1. Plaintiffs' *ex parte* application to continue deadlines (Doc. No. 167) is GRANTED;
2. The final pretrial conference currently set for December 8, 2025 is hereby RESET for April 13, 2026 at 1:30 PM before District Judge Dale A. Drozd by Zoom; and

3

3. The jury trial currently set for February 9, 2026 is hereby RESET for June 16, 2026 at 9:00 AM before District Judge Dale A. Drozd in Courtroom 4.[1]

IT IS SO ORDERED.

Dated: **December 4, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] If these new dates are unavailable to counsel, the court would encourage counsel to meet and confer after consulting with Courtroom Deputy Pete Buzo regarding the court's calendar and to submit a stipulation and order reflecting dates available to both counsel and the court.

4